## 19339

The STATE, Respondent, v. Benjamin Kenneth GORE, Appellant,

The STATE, Respondent, v. Charles Alan ROPER, Jr., Appellant

(185 S. E. (2d) 826)

*Messrs. Brantley Harvey, Ladson F. Howell, Carl C. Hendricks, Jr.,* and *Donald A. Fanning,* of Beaufort, *for Appellants,* cite:

*Randolph Murdaugh, Esq., Sol.,* of Hampton, *for Respondent,* cites:

December 28, 1971.

LITTLEJOHN, Justice:

The defendants, Gore and Roper, were indicted (along with Forrest Ward Phillips) and charged with housebreaking and grand larceny. The indictment alleged that on the 15th day of August, 1969, Gore, Roper (and Phillips) broke into the home of John Lawson in the City of Beaufort, and stole property of a value of more than $50.00. It included one safe, two pistols and some bags of money.

On November 30, 1970, the defendants Gore and Roper were tried and found guilty by a jury. Gore was exonerated of the housebreaking charge but found guilty of grand larceny. Roper was found guilty of both housebreaking and grand larceny. Both defendants have appealed and seek a new trial.

The defendants, Gore and Roper, were tried jointly. Separately they have appealed. The cases were consolidated for argument before this court, and this opinion will dispose of both appeals. The issues raised are substantially the same.

Immediately prior to trial, in chambers, counsel for the defendants objected to the presence of a large number of law enforcement officers (estimated by counsel to be 36) in the courtroom and on the premises. They argued that the large number of officers was unnecessary and prejudicial to the defendants. Apparently about two-thirds of them were in uniform. It was submitted by counsel that the presence of so many law enforcement officers was unnecessary for security and suggested to the jurors that the defendants were hardened criminals.

The judge very properly took testimony as a basis for his ruling. He heard evidence from Sheriff L. W. Wallace and Lt. Redd of the South Carolina Law Enforcement Division, and heard argument of counsel. Thereafter he denied the motion to remove the law enforcement officers.

Before us, now, the appellants allege that the judge erred and that their rights to a fair trial were prejudiced because an unfavorable atmosphere was created by the presence of the officers.

From the statement of counsel, and from the testimony of witnesses, it appears beyond dispute that following the housebreaking and larceny referred to in the indictment, Phillips shot and killed a highway patrolman. He and Roper and Gore stood convicted of murder already from a prior trial, and were serving a life sentence. Phillips was not being tried on this day for housebreaking and larceny, but was present as a witness for the defendants.

In justification for the security provided, the solicitor stated to the judge ". . . The sheriff and I independently received information that an effort was going to be made to rescue either one or both of the defendants." The solicitor further said, "one of the defendants, Phillips, is a hardened

criminal, sir, according to this FBI record. When I say hardened criminal I mean he's been convicted of a number of serious crimes prior thereto and information that we have, sir, he's a member of the syndicate. And as a result of that, the sheriff thought it would be proper and fitting to protect not only the defendants from escaping, but to protect the people involved in the investigation and the prosecution of this case, including His Honor."

The sheriff testified that he had received word that the defendants were going to escape. He told the court that Gore had a long record of about 20 counts of breaking and larceny.

Lt. Redd stated to the court that he had been actively engaged in the investigation of the case, and that it was his understanding from Georgia law enforcement authorities that Phillips was a hardened criminal. He stated that he had been advised at the murder trial previously that an effort would be made to rescue those accused of the crime.

In *State v. Greene,* 255 S. C. 548, 180 S. E. (2d) 179 (1971), we held that there was no error in failing to exclude security guards from the courtroom. In such matters the trial judge must be allowed a wide discretion. On the shoulders of the judge rests the responsibility to see that both defendants and The State have a fair trial. The only trial recognized by our system of jurisprudence is a fair trial. There can be no fair trial unless it is orderly. In determining how much security is warranted the judge must act upon such information as is brought to his attention. He is not expected to have hindsight. If he permits such security as appears reasonably necessary to secure orderly proceedings and to assure that the accused persons do not escape, his ruling should not be reversed. At the same time more security than appears to be reasonably necessary should not be allowed. Based on the showing made, we hold that such discretion was not abused.

On the date of the alleged housebreaking and larceny Mrs. John Lawson returned to her home about 3:30 in the

afternoon and found a green Ford Fairlane with a black vinyl top, bearing a Georgia license plate, backed into her garage. A safe had been taken from the house and placed in the trunk of the car. She saw two men standing in the doorway of her house, whom she later identified as being Phillips and Roper. One of them was wearing dark-colored gloves. They left in the Ford, taking the Lawson's safe and other properties with them. About 30 minutes later, as the result of a chase by police officers, the car was wrecked and disabled. Gore, Roper and Phillips ran. A picture was taken of the front seat of the automobile. It showed a shotgun, a pistol, and dark-colored gloves, described as being brown. The defense objected to the introduction of the picture in evidence. The objection to the picture was overruled and the defense now contends that introduction of the picture in evidence was irrelevant and prejudicial because it showed tools not used in the commission of the crimes of housebreaking and larceny.

The defendants did not testify and presented as their only witness, Phillips, who maintained that these two defendants were not present with him at the Lawson home on August 15, 1969. The photograph does not disclose anything more than that to which the police officers had already testified, without objections. Certainly the photograph and a description of the gloves were admissible for consideration of the jury as it might tend to corroborate Mrs. Lawson's testimony to the effect that Roper was at the Lawson home helping to steal the safe and other properties. She testified that one of the two men at her home was wearing dark gloves. There was no error in permitting the jury to see the picture.

While the solicitor was cross examining Phillips, who was an alibi witness for Gore and Roper, he asked:

"Q. Didn't you get out of the car and didn't you kill Patrolman Woods at that intersection?"

When counsel objected the solicitor voluntarily refrained from further pursuit of the matter and the judge instructed the jury to disregard the question. The appellants did not seek further instructions to the jury by the judge, and did not move for a mistrial. The matter was not pursued by way of a motion for a new trial.

We have held that one may not preserve a vice in a trial until he learns what the result will be and then after losing the case take advantage of the vice on appeal. *State v. Burnett,* 226 S. E. 421, 85 S. E. (2d) 744.

If counsel felt aggrieved, a motion for a mistrial should have been made. *State v. Anderson,* 181 S. C. 527, 188 S. E. 186 (1936). We are of the opinion that the instruction to the jury cured the error, if error there was.

■ Both of the defendants have appealed on all of the grounds hereinabove discussed. In addition, Roper has an exception as follows: 4. That the presiding judge erred in allowing the defendant to go to trial while partially attired in prison clothing.

The transcript is void of any reference to what transpired in the court below except these two sentences which appear in the agreed statement:

"A motion was made concerning the attire of the defendant Roper. The ground of such motion being that it was prejudicial to such defendant to be tried in prison attire."

It would appear from argument that the attire consisted only of a white stripe on the legs of blue-jean-type pants. We held that the record is not sufficiently complete to permit an intelligent review of whether the judge erred, and accordingly, reversible error has not been shown.

■ Gore's contention that the trial judge erred in failing to set aside the verdict as to him because of inconsistency is without merit. He contends that it was inconsistent to find him guilty of larceny after having found him not guilty of housebreaking. The jury obviously gave

him the benefit of the doubt on the housebreaking issue. He has no right to complain. The evidence supports the larceny conviction.

Exceptions not treated herein were not argued and are therefore considered abandoned.

The judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.