19491

The STATE, Respondent, v. Wade SMITH, Appellant

(191 S. E. (2d) 638)

310

*Messrs. H. F. Partee,* and *G. S. Parnell, Jr.,* of Green-
ville *for Appellant,*

*C. Victor Pyle, Esquire, County Solicitor,* of Greenville,
*for Respondent,* cites:

September 20, 1972.

BUSSEY, Justice:

The appellant, Wade Smith, was convicted by a jury of armed robbery in the Greenville County Court on October 5, 1971, and sentenced to a term of eighteen years. Defense counsel sought, prior to drawing the jury, to make two motions for a continuance, but through a misunderstanding such motions were not heard until after the jury was drawn. Both motions were denied and asserted error in the denial of these motions is the basis of the appeal.

The first motion was predicated upon unusual security precautions undertaken by the trial judge, and the second was based upon the absence of an alleged witness for the defense.

The week prior to the trial, the judge received through the sheriff's department what he considered to be reliable information that a gun or guns would be brought into the court room during the trial of the case and that such would be used against the Court, jurors and other people in the court room. He was also informed that the trial would be held on Wednesday, October 6th; such information did not come from or through the solicitor's office and the judge had no communication with the solicitor thereabout prior to the commencement of the trial. On Monday, October 4th, the judge learned that the trial would be held the following day, Tuesday, October 5th. He then, in conjunction with law enforcement officers, promptly formulated a plan for the security of the jurors, court officials, and other persons who might be in the court room the following day

Jurors were instructed to report the following morning to the Common Pleas court room rather than the County court room. They were conducted in a group to the County

court room prior to the selection of the particular trial jury. Arrangements were made to have witnesses in other cases report directly to the Grand Jury room. Three officers, including a lady, were stationed at the entrance to the County court room but only one was in uniform and visibily armed. Persons desiring to enter the court room were, under instructions of the court, searched by the officers outside the door. Very few sought entrance and none elected not to enter because subject to search. Those who entered were allowed to enter and leave only in the course of recesses. No juror witnessed anyone being searched.

Inside the court room there were between seven and ten law enforcement officers during the course of the trial. Only two of these were in uniform and visibily armed. These two were regularly assigned to and attended the court. The other officers were in plain clothes, not visibly armed, and two of them were witnesses in the case. Although complaint is made of certain *minutiae*, the foregoing facts reflect the only circumstances of any consequence which might be in any sense deemed unusual.

The record discloses that appellant's chief witness was his brother who had an extensive record of armed robbery and who was currently serving a twenty year sentence for that crime. He had pled guilty to five cases of armed robbery and/ or housebreaking and larceny. It had also been brought to the attention of the judge that a handcuff key had been discovered and taken by the deputies from the shoe of one of the defendants when they were brought to the court house from the Department of Corrections.

In the very recent case of *State v. Gore,* 185 S. E. (2d) 826, (S. C.) we said:

"In determining how much security is warranted, the judge must act on such information as is brought to his attention. He is not expected to have hindsight. If he permits such security as appears reasonably necessary to secure

orderly proceedings and to assure that the accused persons do not escape, his ruling should not be reversed."

In the light of all the circumstances and the information brought to the attention of the trial judge we are not convinced that the precautions he took were any more than reasonably necessary. Nor are we convinced that any precautions worked to the prejudice of the appellant, or in any sense deprived him of a fair trial. It follows that there was no error in denying the motion for continuance made on this ground.

One Shirley Palmer Smith, apparently an intimate female friend of the appellant, was asserted to be a material alibi witness in his behalf. It appears that the assistant public defender served a subpoena upon her in his office directing her to appear as a witness for the defense at 10 A. M. on the morning of the trial. Such subpoena was not issued pursuant to an official writ of subpoena. Shirley Smith did not appear in response to the subpoena, but about 10:40 on the morning of the trial a girl called the solicitor's office reporting that Shirley Smith had overslept but was on her way. Such message was relayed to the public defender, counsel for appellant. After the jury was drawn, counsel moved for a continuance based on the absence of Miss Smith, as he had tried to do prior to the drawing of the jury. The judge ordered the trial to proceed but stated that if the witness did not appear he would hear further the motion for continuance. At the conclusion of the State's case counsel renewed the motion for continuance, and after some discussion, the judge issued a bench warrant. The Sheriff's deputies, however were unable to locate the said Shirley Smith at any of her known haunts. The solicitor and counsel then agreed on a stipulation as to what Shirley Smith would have testified if she were present, and this statement was read to the jury.

In *State v. Lytchfield,* 230 S. C. 405, 95 S. E. (2d) 857, there was, as here, failure to timely apply for compulsory

process to require the appearance of a witness and, as here, the testimony of an absent witness was stipulated. We quote the following apt language from the opinion in that case:

"The granting or refusal of a motion for continuance is within discretion of the trial judge and his disposition of such a motion will not be reversed on appeal unless it is shown that there was an abuse of discretion to the prejudice of appellant. A multitude of cases to this effect will be found in 7 S. C. Dig., Criminal Law, Key No. 586 *et seq.*, p. 504 *et seq.* and supplement. Review of them shows that reversals of refusal of continuance are about as rare as the proverbial hens' teeth."

We conclude that the exceptions of the appellant are without merit and the judgment of the lower court is

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.