562 S.E.2d 609

**Charles W. PATRICK, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 25427.**

Supreme Court of South Carolina.

Submitted Jan. 24, 2002.

Decided March 11, 2002.

Rehearing Denied May 15, 2002.

Assistant Appellate Defender Tara S. Taggart, of Office of Appellate Defense of Columbia, for petitioner.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General William Bryan Dukes, all of Columbia, for respondent.

Chief Justice TOAL.

This Court granted certiorari to review the denial of Charles W. Patrick's ("Petitioner") application for Post Conviction Relief ("PCR").

### FACTUAL/PROCEDURAL BACKGROUND

Petitioner was originally indicted in 1975 for burglary, two counts of armed robbery, assault and battery with intent to kill, and the use of a motor vehicle without the owner's consent. All the indictments, except the burglary indictment, were *nol prossed* prior to trial. After a trial in March 1976, Petitioner was convicted of burglary and sentenced to life in prison. His conviction was affirmed in *State v. Allen*, 269 S.C. 233, 237 S.E.2d 64 (1977).[1]

---

1. Petitioner and two co-defendants were tried together for the burglary. All three defendants were convicted and sentenced to life. Their convic-

In 1992, Petitioner applied for post conviction relief. The circuit court found he received ineffective assistance of counsel and reversed his conviction. This Court denied the State's request for certiorari.

In August 1993, the State re-indicted Petitioner for burglary, two (2) counts of armed robbery, assault and battery with intent to kill, and use of a vehicle without permission. In a jury trial which lasted from August 31, 1993 until September 3, 1993, the State tried Petitioner on all charges, including the charges which were originally *nol prossed* in 1976. The jury convicted Petitioner on all counts. The trial judge sentenced Petitioner to life in prison on the burglary charge; twenty-five years, concurrent, for each of the two armed robbery charges; twenty years, consecutive to the armed robbery sentences, for assault and battery with intent to kill; and five years, concurrent, for the use of a vehicle without permission. Petitioner's convictions and sentences were affirmed on direct appeal. *State v. Patrick,* 318 S.C. 352, 457 S.E.2d 632 (Ct.App.1995). Petitioner's request for certiorari was denied on April 18, 1996.

Petitioner filed an application for PCR, which was denied after a hearing. Petitioner then sought certiorari. The issues before this Court are:

I.   Was Petitioner's counsel ineffective in failing to obtain a ruling on the merits of his claim of prosecutorial retaliation?

II.  Was counsel ineffective in failing to argue for mercy?

## LAW/ANALYSIS

### I. Prosecutorial Retaliation

Petitioner argues his trial and appellate counsel[2] was ineffective in failing to properly raise the issue of prosecutorial retaliation at trial and on appeal. We agree.

---

tions were affirmed in *State v. Allen,* under the name of one of the other co-defendants.

**2.** Petitioner was represented by the same attorney at trial and on direct appeal.

In a PCR proceeding, the burden of proof is on the applicant to prove the allegations in his petition. *Butler v. State,* 286 S.C. 441, 334 S.E.2d 813 (1985), *cert. denied,* 474 U.S. 1094, 106 S.Ct. 869, 88 L.Ed.2d 908 (1986). To prove counsel was ineffective, the applicant must show counsel's performance was deficient and the deficient performance caused prejudice to the applicant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, the applicant must show that, but for counsel's errors, there is a reasonable probability the result of the trial would have been different. *Johnson v. State,* 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland.* This Court will sustain the PCR court's factual findings and conclusions regarding ineffective assistance of counsel if there is any probative evidence in the record to support those findings. *Skeen v. State,* 325 S.C. 210, 481 S.E.2d 129 (1997).

## A. Trial Errors

Petitioner first argues his counsel was deficient in failing to adequately raise the issue of prosecutorial retaliation at his retrial. We disagree.

At the retrial, counsel made a motion to quash the two indictments for armed robbery, the indictment for assault and battery with intent to kill, and the indictment for the use of a vehicle without permission—the four charges which were *nol prossed* prior to Petitioner's original trial. Counsel stated,

I would point out to the court that these were basically all *nol prossed* by the State in 1976. The State elected not to go forward with those charges in 1976 and dismissed them. And I think it's improper for the State to come back today and relevel [sic] those charges against [petitioner], simply because he was successful in winning his PCR.

Petitioner argues counsel never cited specific law to the court, but instead merely stated there was a "general philosophy ... you can't punish a guy for appealing his case." The trial judge denied the motion to quash, noting he was "without anything to base it on."

At the PCR hearing, Petitioner argued counsel was ineffective in failing to offer any law to the trial court on the issue. The PCR court found the issue had been properly raised and preserved by trial counsel. We agree with the PCR court's finding. Trial counsel raised the issue regarding the possible violation of Petitioner's due process rights when the solicitor chose to "relevel" the charges after they were *nol prossed.* Therefore, there is sufficient evidence to support the PCR court's finding that trial counsel was not ineffective in failing to preserve the issue. *Skeen v. State.*

## B. Appellate Errors

■ Petitioner also argues counsel was ineffective for failing to properly address this same issue on appeal. We agree.

In his brief to the Court of Appeals, counsel devoted three short paragraphs to this issue, did not give any useful analysis, and only cited one case, *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In its opinion, the Court of Appeals did not specifically address the issue of prosecutorial retaliation. The court merely concluded that the indictments which had been *nol prossed* could be brought in the retrial, since they were *nol prossed* before the jury was impaneled. *State v. Patrick,* 318 S.C. 352, 457 S.E.2d 632 (Ct.App.1995).

Counsel did not make any note of this issue in his petition for rehearing. Subsequently on July 27, 1995, the Court of Appeals *sua sponte* directed the parties to address this issue of prosecutorial retaliation in a supplemental petition for rehearing in light of *Pearce* and *State v. Fletcher* (originally filed June 19, 1995 but subsequently withdrawn and refiled with a different result in 322 S.C. 256, 471 S.E.2d 702 (Ct.App. 1996) cert. denied Jan. 23, 1997.) Counsel submitted a supplemental brief. However, counsel's argument was conclusory at best. He did not even mention the seminal case, *Pearce,* in his supplemental brief. The State vigorously objected to the Court of Appeals even considering something that had not been properly included in a petition for rehearing, citing Rule 226(d)(2), SCACR.

After the rebriefing, the Court of Appeals denied the petition for rehearing, stating:

> The issue was argued in a conclusory fashion in [petitioner's] final brief. Moreover, the issue was not stated with particularity in [petitioner's] petition for rehearing.... After careful consideration of the parties' briefs, [petitioner's] petition for rehearing, respondent's return, and supplemental responses requested by the Court, the petition for rehearing is denied.

As evidenced by counsel's briefs and the Court of Appeals' statement above, counsel was deficient in failing to adequately raise or address the merits of the issue of prosecutorial retaliation.

## C. Prejudice

While it is clear that appellate counsel did not adequately address the merits of Petitioner's prosecutorial retaliation claim, Petitioner still must prove he was prejudiced by counsel's deficient performance. *Strickland v. Washington.* We find Petitioner was prejudiced.

In the landmark decision of *North Carolina v. Pearce,* the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment prevented a trial court from penalizing a defendant for choosing to exercise his right to appeal. In order for the presumption of prosecutorial retaliation (or the *"Pearce* presumption") to apply, Petitioner must show there is a "reasonable likelihood" that retaliation was a motive behind bringing the additional charges. *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *State v. Fletcher,* 322 S.C. 256, 471 S.E.2d 702 (Ct.App.1996). Where no such "reasonable likelihood" exists, the defendant has the burden to prove actual retaliation. *Alabama v. Smith,* 490 U.S. at 800, 109 S.Ct. at 2205. In the instant case, there is a "reasonable likelihood" retaliation was a motive, and therefore Petitioner was entitled to the presumption.

In this case, the solicitor *nol prossed* four charges against Petitioner before his 1976 trial. After Petitioner was successful on PCR in 1992, the solicitor then resurrected the four charges for Petitioner's 1993 trial. Seventeen years passed between the trials. There was no new evidence discovered; none of the facts or witness available to the prosecution

had changed. The solicitor had from the date of Petitioner's original trial in 1976 until the date of his PCR in 1992 to bring the *nol processed* charges but did not. This is a typical situation in which the *Pearce* presumption applies. These facts present a "reasonable likelihood" that the solicitor brought the additional charges in retaliation for Petitioner exercising his right to appeal.

■ Furthermore, the State has not rebutted the presumption. The solicitor stated he prosecuted the previously *nol prossed* charges on retrial because it was in the interest of the State of South Carolina and the people of Abbeville County. He also stated that once a solicitor had a life sentence on one charge, it was common practice not to prosecute the additional charges. These are fairly weak reasons for bringing the charges, especially considering the length of time between the original trial and the retrial. Additionally, the charges were *nol prossed* **prior** to the first trial because they "vanished." Therefore, Petitioner did not have a life sentence at the time the charges were *nol prossed*.

In conclusion, we find counsel was deficient in failing to adequately raise or brief the issue of prosecutorial retaliation. Furthermore, Petitioner was prejudiced by counsel's failure to adequately argue the issue before the Court of Appeals. If counsel had properly argued the issue, the Court of Appeals would have found the *Pearce* presumption applied and that the State failed to rebut the presumption. Therefore, we **RE-VERSE** the PCR court's ruling that counsel was not ineffective. The charges which were *nol prossed* prior to the first trial were not properly brought on retrial. Accordingly, Petitioner's convictions for the two counts of armed robbery, assault and battery with intent to kill, and use of a motor vehicle without the owner's consent are **REVERSED**.

## II. Mercy

Petitioner argues counsel was ineffective in failing to appeal to the jury for mercy. We agree.

Petitioner was tried under the previous burglary scheme. *See Simmons v. State*, 331 S.C. 333, 503 S.E.2d 164 (1998) (discussing the former burglary statute, S.C.Code Ann. § 16–11–311 (Supp.1997), and the impact of improper remarks by

the solicitor regarding the mercy issue). Under the old statute, a conviction for burglary without a recommendation for mercy carried a mandatory life sentence, while burglary with a recommendation of mercy could carry as little as five years in prison. Petitioner's counsel admitted at the PCR hearing that he simply forgot to argue for a recommendation of mercy to the jury. He testified it was not a tactical decision to avoid arguing for mercy, rather, he "didn't think about it" until several days later when he "was sitting in [his] office and ... realized [he] did not argue for mercy." The PCR court found counsel was deficient in failing to argue for a mercy recommendation. In fact, the State, in their brief to this Court, does not seem to contest counsel was deficient. The State simply argues Petitioner was not prejudiced by counsel's error. We find counsel was deficient, and Petitioner suffered prejudice.

The PCR court found Petitioner was not prejudiced by counsel's failure to argue for mercy. The court found Petitioner's other sentences totaled 45 active years, thus making counsel's error non-prejudicial. The PCR court stated, "a letter to trial counsel from the Department of Probation, Parole, and Pardon Services, evinces that the remaining sentences, particularly the twenty-five year sentence for armed robbery, will move [petitioner's] parole eligibility date back further than when he merely had a life sentence for burglary. Therefore, [petitioner] has not been prejudiced by [counsel's] error, because even if he had received the minimum possible sentence on the burglary charge (five years), he still would not have been eligible for parole any sooner."

As stated above, Petitioner should only have been tried for the burglary charge. Therefore, he should not have had additional "active years" to serve, pushing his parole eligibility back beyond what it would have been for a single burglary charge. Without these additional years, then, according to the PCR judge's reasoning, Petitioner was clearly prejudiced by counsel's failure to argue for mercy. Regardless, Petitioner is entitled to relief under *Chubb v. State*, 303 S.C. 395, 401 S.E.2d 159 (1991). Under *Chubb*, failure to argue mercy is *per se* prejudicial.

Accordingly, we **REVERSE** the PCR court's finding that Petitioner was not prejudiced by his counsel's failure to argue for a mercy recommendation and **REMAND** for a new trial.

## CONCLUSION

Based on the forgoing, we find Petitioner's convictions for armed robbery, assault and battery with intent to kill, and use of a motor vehicle without the owner's consent were not properly brought by the solicitor. Accordingly, they are **REVERSED.** We further find Petitioner was prejudiced by counsel's failure to argue for mercy on the burglary charge. Therefore, Petitioner's conviction for burglary is **REVERSED** and **REMANDED** for a new trial.

WALLER, BURNETT and PLEICONES, JJ., concur. MOORE, J., not participating.