THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Charles Edward Coleman, Appellant.
 
 
 

Appeal From Edgefield County
 R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2011-U-381
Submitted June 7, 2011  Filed August 4,
 2011 

AFFIRMED

 
 
 
Appellate Defender M. Celia Robinson, of Columbia, for Appellant.
Attorney General Alan Wilson, Chief Deputy John McIntosh,
 Assistant Attorney General Salley W. Elliott, Assistant Attorney General
 William M. Blitch, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Charles Coleman was convicted of three counts of
 assault and battery with intent to kill and one count of carjacking.  He
 contends the trial court erred in: (1) denying his motion to quash the
 carjacking indictment; (2) admitting evidence of medical treatment prescribed
 to victims; (3) denying his motion for a directed verdict; (4) not providing
 the jury with the option of finding Coleman not guilty by reason of insanity;
 and (5) not properly charging the jury on assault and battery of a high and
 aggravated nature.[1] 
 We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  
 1. As to whether
 the trial court erred in denying Coleman's motion to quash the carjacking
 indictment: Patrick v. State, 349 S.C. 203, 209, 562 S.E.2d 609, 612
 (2002) (holding that a defendant must demonstrate a reasonable likelihood that
 prosecutorial retaliation was the motive for bringing the additional charges). 
2. As
 to whether the trial court erred in admitting evidence of medical treatment
 prescribed to Coleman's victims:  State v. Kelsey, 331 S.C. 50, 62, 502
 S.E.2d 63, 69 (1998) (holding that malice is "the wrongful intent to
 injure another and indicates a wicked or depraved spirit intent on wrongdoing"); State v. Foust, 325 S.C. 12, 16 n.4, 479 S.E.2d 50, 52 n.4 (1996) ("[E]vidence of the character of the means or instrument
 used, manner in which it was used, purpose to be accomplished, resulting wounds
 or injuries . . . are admissible to show the intent with which the assault was
 committed.").  
3. As
 to whether the trial court erred in denying Coleman's directed verdict motion: State
 v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial
 circumstantial evidence reasonably tending to prove the guilt of the accused,
 the Court must find the case was
 properly submitted to the jury."); State v. Harris, 351 S.C. 643, 653, 572 S.E.2d 267, 273 (2002).  
4. As
 to whether the trial court erred in ruling not to instruct the jury on the
 option of finding Coleman not guilty by reason of insanity: State v. Dickman, 341
 S.C. 293, 295, 534 S.E.2d 268, 269 (2000) (holding that a party may not argue
 one ground at trial and an alternate ground on appeal); State v.
 Lewis, 328 S.C. 273, 278, 494 S.E.2d 115, 117 (1997) ("A requested charge on insanity is properly refused where
 there is no evidence tending to show the defendant was insane at the time of
 the crime charged.").
5. As
 to whether the trial court erred in failing to charge the jury that the absence
 of malice is not an element of ABHAN: State v. Rayfield, 369 S.C. 106,
 119, 631 S.E.2d 244, 251 (2006) (Pleicones, J., dissenting) (holding that a
 trial judge is required to charge only "the current and correct law of
 South Carolina"); Sheppard v. State, 357 S.C. 646, 665, 594 S.E.2d
 462, 472 (2004).  
AFFIRMED.
FEW, C.J., PIEPER, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.