**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Johnathan Olin Batchelor, Appellant.

Appellate Case No. 2022-000160

———

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-262
Heard May 7, 2024 – Filed July 17, 2024

———

**AFFIRMED**

———

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Attorney General Mark Reynolds Farthing, and Assistant Attorney General Andrew Douglas Powell, all of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

———

**PER CURIAM:** Johnathan Batchelor appeals his conviction for attempted murder of his wife (Victim) and his sentence of thirty years' imprisonment. We affirm.

1.  Appellant argues that the trial court erred in denying his motion to dismiss when law enforcement destroyed two projectiles without providing him the opportunity to individually examine the evidence.  We disagree.  "Pursuant to the Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness." *State v. Hutton*, 358 S.C. 622, 631, 595 S.E.2d 876, 881 (Ct. App. 2004).  "This standard requires criminal defendants be afforded a meaningful opportunity to present a complete defense." *Id.*  "The State does not have an absolute duty to preserve potentially useful evidence that might exonerate a defendant." *State v. Cheeseboro*, 346 S.C. 526, 538, 552 S.E.2d 300, 307 (2001).  "To establish a due process violation, a defendant must demonstrate (1) that the State destroyed the evidence in bad faith, or (2) that the evidence possessed an exculpatory value apparent before the evidence was destroyed and the defendant cannot obtain other evidence of comparable value by other means." *Id.* at 538-39, 552 S.E.2d at 307.  "The weight of federal authority . . . has adopted the view that the extraordinary remedy of dismissal should only be granted when the authorities act intentionally and in bad faith [to destroy evidence]." *State v. Reaves*, 414 S.C. 118, 128, 777 S.E.2d 213, 218 (2015).  In addition, "[e]xculpatory evidence is evidence which creates a reasonable doubt about the defendant's guilt." *Hutton*, 358 S.C. at 632, 595 S.E.2d at 882.  "[W]e consider dismissal of criminal charges a drastic remedy which should rarely be invoked as a sanction for the State's failure to preserve evidence." *Id.* at 633, 595 S.E.2d at 882.  Appellant did not demonstrate any evidence of bad faith.  The Spartanburg County Sheriff's Office (SCSO) believed the case was resolved prior to their destruction of the evidence because the SCSO destroyed the two bullet fragments after the direct appeal time expired from Appellant's *Alford*[1] plea.  In addition, Appellant could obtain evidence of comparable value.  The defense was provided with a report detailing the specific features of each projectile and had the opportunity to examine the individual who examined the firearm evidence.  Therefore, we find Appellant did not establish a due process violation.

Appellant also argues that the SCSO had a duty to preserve the projectiles based upon section 17-28-320 of the South Carolina Code (2014).  We disagree.  Section 17-28-320(A) requires "[a] custodian of evidence must preserve all physical evidence and biological material related to the conviction or adjudication of a person for" certain offenses.  Attempted murder is not listed as one of the offenses.  *See* S.C. Code Ann. § 17-28-320 ("(1) murder (Section 16-3-10); (2) killing by poison (Section 16-3-30); (3) killing by stabbing or thrusting (Section 1-3-40); (4) voluntary manslaughter (Section 16-3-50); (5) homicide by child abuse (Section

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

16-3-85(A)(1)); (6) aiding and abetting a homicide by child abuse (Section 16-3-85(A)(2)); (7) lynching in the first degree (Section 16-3-210); (8) killing in a duel (Section 16-3-430) . . . ."). "In interpreting a statute, '[w]ords must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation.'" *State v. Gordon*, 414 S.C. 94, 98, 777 S.E.2d 376, 378 (2015) (quoting *Sloan v. Hardee*, 371 S.C. 495, 499, 640 S.E.2d 457, 459 (2007)). "The canon of construction '*expressio unius est exclusio alterius*' or '*inclusio unius est exclusio alterius*' holds that 'to express or include one thing implies the exclusion of another, or of the alternative.' The maxim should be used to accomplish legislative intent, not defeat it." *State v. Leopard*, 349 S.C. 467, 472-73, 563 S.E.2d 342, 345 (Ct. App. 2002) (quoting *S.C. Dep't of Consumer Affairs v. Rent-A-Center, Inc.*, 345 S.C. 251, 256, 547 S.E.2d 881, 883-84 (Ct. App. 2001)). Section 17-28-320 of the South Carolina Code does not include attempted murder; therefore, the statute does not impose a duty on the custodian in this case.

2. Appellant argues the trial court erred by failing to exclude jail informant Dustin Tiller's testimony. He contends the trial court mistakenly found it lacked the authority to evaluate the credibility of Tiller's testimony. We disagree. "The conduct of a criminal trial is left largely to the sound discretion of the trial judge, who will not be reversed in the absence of a prejudicial abuse of discretion." *State v. Reyes*, 432 S.C. 394, 401, 853 S.E.2d 334, 337 (2020) (quoting *State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007)). "A failure to exercise discretion amounts to an abuse of that discretion." *State v. Hawes*, 411 S.C. 188, 191, 767 S.E.2d 707, 708 (2015) (quoting *Samples v. Mitchell*, 329 S.C. 105, 112, 495 S.E.2d 213, 216 (Ct. App. 1997)). However, in the present case, the trial court did not have the discretion to evaluate Tiller's credibility and exclude his testimony based on a lack of credibility. "Under South Carolina law, the competency of a witness is to be determined by the trial court, whereas the credibility of a witness is exclusively for the jury to decide." *Reyes*, 432 S.C. at 401, 853 S.E.2d at 338. Appellant asserts the trial court overlooked its gatekeeping function, but the cases

he relies upon involve (1) third party guilt;[2] (2) expert testimony;[3] and (3) prior bad acts.[4] Tiller was a fact witness whose testimony the State presented to prove Appellant's guilt; therefore, these cases are not applicable to the present issue. We hold the trial court did not err in allowing Tiller to testify.

3. Appellant argues the trial court erred by limiting his cross-examination of Tiller regarding (1) Tiller's conversation with his plea counsel; (2) the solicitor speaking in Tiller's favor at his federal sentencing hearing; and (3) the twenty-month reduction in Tiller's federal sentence he received for his cooperation with Appellant's prosecution. Appellant contends these limitations violated his rights under the Sixth Amendment of the United States Constitution and Article 1, Section 14 of the South Carolina Constitution. First, we hold the trial court did not abuse its discretion by finding Tiller did not waive his attorney-client privilege with his direct testimony; therefore, the trial court did not abuse its discretion in limiting Appellant's cross-examination of Tiller regarding his communications with his plea counsel. *See State v. Love*, 275 S.C. 55, 59, 271 S.E.2d 110, 112 (1980) ("Whether a communication is privileged is for the trial judge to decide in the light of a preliminary inquiry into all of the facts and circumstances; and this determination by the trial judge is conclusive in the absence of an abuse of discretion."). On direct, although Tiller acknowledged that his plea counsel reviewed the plea agreement with him before he signed it, that he understood what it meant, and he explained what he thought the agreement meant, Tiller never said what his plea counsel actually told him. Next, while the trial court may have erred in its other limitations of Appellant's cross-examination of Tiller, these errors do not warrant reversal. *See State v. Mizzell*, 349 S.C. 326, 333, 563 S.E.2d 315, 318 (2002) ("'A violation of the defendant's Sixth Amendment right to confront the

---

[2] *State v. Cope*, 405 S.C. 317, 341, 748 S.E.2d 194, 206 (2013) ("[E]vidence of third-party guilt that only tends to raise a conjectural inference that the third party, rather than the defendant, committed the crime should be excluded."), *overruled on other grounds by State v. Wallace*, 440 S.C. 537, 892 S.E.2d 310 (2023).

[3] *Watson v. Ford Motor Co.*, 389 S.C. 434, 446, 699 S.E.2d 169, 175 (2010) (stating that in considering the admissibility of expert testimony, "the trial court must evaluate the substance of the testimony and determine whether it is reliable").

[4] *State v. Tutton*, 354 S.C. 319, 325, 580 S.E.2d 186, 189 (Ct. App. 2003) ("To be admissible, a prior bad act must first be established by clear and convincing evidence.").

witness is not *per se* reversible error' if the 'error was harmless beyond a reasonable doubt.'" (quoting *State v. Graham*, 314 S.C. 383, 386, 444 S.E.2d 525, 527 (1994))); *State v. Whitner*, 380 S.C. 513, 518, 670 S.E.2d 655, 658 (Ct. App. 2008) ("No definite rule of law governs finding an error harmless; 'rather, the materiality and prejudicial character of the error must be determined from its relationship to the entire case.'" (quoting *State v. Reeves*, 301 S.C. 191, 193-94, 391 S.E.2d 241, 243 (1990)); *id.* ("Generally, an appellate court will not set aside a conviction because of an insubstantial error not affecting the result.").  Appellant thoroughly cross-examined Tiller about the charges Tiller faced, his agreement to provide information about crimes, the benefits he had received from providing information, and his anticipation that his testimony at Appellant's trial would result in the solicitor speaking on his behalf and a further reduction of his sentence.  Therefore, Appellant was able to accomplish his primary objective by demonstrating Tiller's possible bias. *See Fields v. Reg'l Med. Ctr. Orangeburg*, 363 S.C. 19, 31-32, 609 S.E.2d 506, 512 (2005) ("When evidence is erroneously excluded by the trial court, the appellate court usually engages in the following analysis to determine whether prejudice has occurred.  First, the court considers, *inter alia*, whether the error may be deemed harmless because equivalent or cumulative evidence or testimony was offered; the aggrieved party still managed to accomplish his primary objective, such as eliciting testimony about an issue or effectively cross-examining a witness . . . ." (footnotes omitted)), *overruled on other grounds by State v. Wallace*, 440 S.C. 537, 892 S.E.2d 310 (2023).

4.  Appellant argues the trial court erred in allowing excessive security in the courtroom without conducting a hearing to determine whether these unusual and enhanced security measures were necessary under this case's specific circumstances and Appellant's specific characteristics.  We disagree.  First, Appellant did not object to the deputy shadowing him until after he finished his testimony and he never requested a hearing; instead he asserted it was too late for a hearing and requested a mistrial.  Thus, he is barred from raising this issue on appeal because he failed to raise it at his first opportunity to do so at trial. *See State v. Aldret*, 333 S.C. 307, 312, 509 S.E.2d 811, 813 (1999) (holding our courts "have routinely held that a party must object at the first opportunity to preserve an issue for review"); *id.* ("A contemporaneous objection is required to preserve an issue for appellate review.").  Next, we hold the trial court did not abuse its discretion in denying the motion for a mistrial and finding the security measures taken were warranted and the number of law enforcement officers in the courtroom was not excessive. *See City of Columbia v. Wilson*, 324 S.C. 459, 464, 478 S.E.2d 88, 90 (Ct. App. 1996) ("The grant or denial of a motion for mistrial lies within the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of

discretion."); *id.* ("A mistrial should not be granted except in cases of manifest necessity and ought to be granted with the greatest caution for only very plain and obvious reasons."); *id.* ("The burden is on the movant to demonstrate error and resulting prejudice in order to justify a mistrial."); *State v. Shelton*, 270 S.C. 577, 580, 243 S.E.2d 455, 457 (1978) ("A trial [court] has the inherent power to preserve order in [its] court and to see that justice is not obstructed by any person or persons."); *id.* ("[It] has the authority to take such measures as appear reasonably necessary to secure orderly proceedings and to preserve the security of those participating in the trial or lawfully attending the proceedings."); *State v. Tucker*, 320 S.C. 206, 209, 464 S.E.2d 105, 107 (1995) ("The trial [court] is the best equipped to decide the extent to which security measures should be adopted to prevent disruption of the trial, harm to those in the courtroom, escape of the accused, and prevention of other crimes."); *Shelton*, 270 S.C. at 581, 243 S.E.2d at 457 ("What security measures are warranted to preserve the security of the trial must be determined by the [trial court] under the facts and circumstances in each case, and the exercise of this power is subject to review only to determine the reasonable necessity for the security taken."); *State v. Gore*, 257 S.C. 330, 333-34, 185 S.E.2d 826, 828 (1971) (explaining "more security than appears to be reasonably necessary should not be allowed" and finding that the trial court did not abuse its discretion when approximately thirty-six officers were in the courtroom or on the premises), *abrogated on other grounds by State v. Alexander*, 303 S.C. 377, 401 S.E.2d 146 (1991).

5.  Appellant argues the trial court erred in admitting cumulative photographs and text messages related to Appellant's extramarital affair.  He asserts the danger of unfair prejudice substantially outweighed the probative value of the evidence.  We disagree.  "It is well settled that evidence should be excluded when its probative value is outweighed by its prejudicial effect." *State v. Kelley*, 319 S.C. 173, 177, 460 S.E.2d 368, 370 (1995).  "A trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] rulings will not be disturbed absent a showing of probable prejudice." *Id.*  "The determination of the relevancy and materiality of a photograph is left to the sound discretion of the trial [court]." *Id.* The photographs and messages were admitted to help the jury see Appellant's potential motive for the attempted murder.  The messages all related to events that happened in the days following Victim's admission into the hospital.  Therefore, the trial court did not err in admitting the photographs and text messages as their probative value outweighed the risk of prejudice.

6.  Appellant argues the trial court erred in admitting photographs that included the confederate flag.  He asserts the danger of unfair prejudice substantially outweighed the probative value of the photographs.  We disagree.  The photographs were admitted to help the jury visualize the scene of law enforcement's search and the objects they took into evidence.  The State did nothing to emphasize the flag images.  We hold the trial court did not err in admitting the photographs as their probative value outweighed the risk of prejudice from the confederate flag objects in the background of the photographs.  *See Kelley*, 319 S.C. at 177, 460 S.E.2d at 370 ("It is well settled that evidence should be excluded when its probative value is outweighed by its prejudicial effect."); *id.* ("A trial [court] has considerable latitude in ruling on the admissibility of evidence and [its] rulings will not be disturbed absent a showing of probable prejudice."); *id.* ("The determination of the relevancy and materiality of a photograph is left to the sound discretion of the trial [court].").

7.  Appellant argues the trial court erred in failing to ask two of his voir dire requests.  We disagree.  We hold the trial court did not abuse its discretion in finding its voir dire sufficiently ensured Appellant had a fair and impartial jury; the omission of these two voir dire questions did not render the trial fundamentally unfair.  *State v. Wise*, 359 S.C. 14, 23, 596 S.E.2d 475, 479 (2004) ("The scope of voir dire and the manner in which it is conducted are generally left to the sound discretion of the trial court."); *State v. Stanko*, 376 S.C. 571, 576, 658 S.E.2d 94, 96 (2008) ("To constitute reversible error, a limitation on questioning must render the trial fundamentally unfair."); *State v. Coaxum*, 410 S.C. 320, 327, 764 S.E.2d 242, 245 (2014) ("To protect both parties' right to an impartial jury, the trial court must conduct voir dire of the prospective jurors to determin[e] whether the jurors are aware of any bias or prejudice against a party, as well as to 'elicit such facts as will enable [the parties] intelligently to exercise their right of peremptory challenge.'" (second alteration in original) (quoting *State v. Woods*, 345 S.C. 583, 587, 550 S.E.2d 282, 284 (2001))).

8.  Appellant argues the trial court erred in failing to order the disclosure of Victim's counseling records, which he would have used to confront and cross-examine her.  We disagree.  *See State v. Blackwell*, 420 S.C. 127, 153-54, 801 S.E.2d 713, 727 (2017) (adopting a "procedure that effectuates the legislative mandates of section 44-22-100 of the South Carolina Code [2018] and the constitutional protections of the Confrontation Clause."); § 44-22-100(A)(2) (providing mental health records must be kept confidential and not disclosed unless "a court directs that disclosure is necessary for the conduct of proceedings before the court and that failure to make the disclosure is contrary to public interest");

*Blackwell*, 420 S.C. at 154-55, 801 S.E.2d at 727 (stating that if the witness does not consent to the disclosure of privileged records, "the [trial court] alone should review the contents of the records to determine whether 'disclosure is necessary for the conduct of proceedings before the court and that failure to make the disclosure is contrary to public interest.'" (quoting. § 44-22-100(A)(2)); *id.* ("In making this determination, the [trial court] should assess the importance of the witness to the prosecution's case and whether the records contain exculpatory evidence, including, *but not limited to*, evidence relevant to the witness's credibility."). Having reviewed the sealed records, we find the trial court accurately summarized Victim's therapy records and the records do not contain any exculpatory evidence or any evidence relevant to Victim's credibility.

9. Appellant argues the trial court erred in sentencing him to the maximum sentence for attempted murder, thirty years, when the State had previously agreed to a sentence of eighteen years, which the court accepted when he entered his *Alford* plea.[5] He asserts this sentence following his trial punished him for exercising his rights to seek post-conviction relief (PCR) and a jury trial. We disagree. The trial court "is allowed broad discretion in sentencing within statutory limits." *Garrett v. State*, 320 S.C. 353, 356, 465 S.E.2d 349, 350 (1995). "Absent partiality, prejudice, oppression, or corrupt motive, [the appellate court] lacks jurisdiction to disturb a sentence that is within the limit prescribed by statute." *State v. Barton*, 325 S.C. 522, 531, 481 S.E.2d 439, 444 (Ct. App. 1997). "A sentencing [court] may NOT improperly consider a defendant's decision to proceed with a jury trial." *State v. Follin*, 352 S.C. 235, 257, 573 S.E.2d 812, 824 (Ct. App. 2002). Similarly, a trial court may not penalize a defendant for choosing to exercise his right to appeal or obtain PCR. *Patrick v. State*, 349 S.C. 203, 209-10, 562 S.E.2d 609, 612 (2002). A presumption of prosecutorial retaliation arises when the defendant shows there was a reasonable likelihood that retaliation was a motive behind bringing additional charges. *Id.* at 209, 562 S.E.2d at 612. "Where no such 'reasonable likelihood' exists, the defendant has the burden to prove actual retaliation." *Id.* Furthermore, "punishment of the offender is recognized as a proper motivation for a sentencing trial [court] or a prosecutor." *State v. Blakely*, 402 S.C. 650, 658, 742 S.E.2d 29, 33 (Ct. App. 2013) (quoting *State v. Fletcher*, 322 S.C. 256, 260, 471 S.E.2d 702, 704 (Ct. App. 1996). Here, the State did not bring any additional charges against Appellant and Appellant's sentence falls within the statutorily-prescribed sentencing limits. In denying the motion to

---

[5] Appellant's sentence from his *Alford* plea was thirty years' imprisonment, suspended upon the service of eighteen years' imprisonment, and five years' probation.

reconsider the sentence, the trial court explained the sentence it imposed was not in retaliation for Appellant going to trial and that it had "fashioned the appropriate sentence and imposed a legal sentence on this Defendant who was convicted by a jury of his peers." We hold the trial court did not abuse its discretion in sentencing Appellant to thirty years' imprisonment and denying his motion to reconsider the sentence.

**AFFIRMED.**

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**