714 S.E.2d 326

**Gary DuBose TERRY, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 27033.**

Supreme Court of South Carolina.

Heard June 21, 2011.

Decided Aug. 29, 2011.

Teresa L. Norris, of Blume Weyble and Norris, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General William Edgar Salter, III, all of Columbia, for Respondent.

Justice PLEICONES.

Petitioner was sentenced to death for murder, life imprisonment for first-degree burglary, thirty years' imprisonment for first-degree criminal sexual conduct, and ten years' imprisonment for malicious injury to a telephone system. All sentences were consecutive. This Court affirmed petitioner's convictions and sentences on direct appeal. *State v. Terry,* 339 S.C. 352, 529 S.E.2d 274 (2000), *cert. denied,* 531 U.S. 882, 121 S.Ct. 197, 148 L.Ed.2d 137 (2000).

We granted a writ of certiorari to review the denial of petitioner's application for post-conviction relief (PCR). We affirm.

## FACTS

The underlying facts, as taken from *Terry, supra,* are as follows: the victim, forty-seven-year-old Urai Jackson, was found beaten to death in her Lexington County home. The window on the carport door to her home had been broken out and the telephone wires had been pulled from the phone box. Victim's mostly nude body was found in her living room, and semen was found in her vagina. She had several blunt trauma wounds to the head, and a number of defensive wound injuries. The cause of death was blunt trauma with skull fracture and brain injury.

After his arrest, petitioner gave a statement to police in which he maintained he had gone to victim's house and had consensual sex with her. According to petitioner, the victim became angered when he started to leave and grabbed him by the hair. He lost his temper and began hitting her with an object. He could not recall the object but believed the victim may have brought it with her from the bedroom. He hit her several times, then left.

Prior to trial, the State requested a *Jackson v. Denno*[1] hearing to determine the voluntariness of petitioner's statement. The trial judge found, by a preponderance of the evidence, the statement was voluntary.

In an attempt to minimize the statement's effect on the jury, trial counsel alluded to the statement in his opening statement. Trial counsel stated:

Ladies and Gentlemen, [petitioner] over here told the police that he did it. He told the police that he had sexual intercourse with [victim]. He told the police that he killed her, okay. It's called a confession and he made one. He told the police he did it. So what in the world are we doing here? Why are we even having one of these guilt phases?

The State did not seek to introduce the statement in the guilt phase of trial.

As part of its case in chief, the State called the police officer who took petitioner's statement. Before the officer testified, the State moved *in limine* to prevent the admission of the statement. Trial counsel argued the statement was admissible pursuant to Rule 804(b)(3), SCRE, as a statement against interest. The trial court ruled the statement was inadmissible under Rule 804 because petitioner procured his unavailability by exercising his right to remain silent.

Petitioner elected not to testify at trial. Although the statement was never introduced in the guilt phase of trial, the State did introduce it during the penalty phase.

## ISSUES

I. Were trial counsel ineffective for failing to object to the exclusion of petitioner's statement based on prosecutorial misconduct?

II. Were trial counsel ineffective for failing to adjust their strategy and continuing to pursue a "reasonable doubt" defense?

---

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

## STANDARD OF REVIEW

■ On certiorari in a PCR action, the Court applies the "any evidence" standard of review. *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). Accordingly, the Court will affirm if any evidence of probative value in the record exists to support the findings of the PCR court. *Id.* at 119, 386 S.E.2d at 626.

## LAW/ANALYSIS

### I. Petitioner's Statement

■ Petitioner argues trial counsel were ineffective in failing to argue during the hearing on the State's *in limine* motion that the statement should have been introduced because of the State's misconduct and trial counsels' detrimental reliance on the State's "apparent intent" to offer the statement into evidence. Petitioner contends the State engaged in trickery and abandoned its duty to seek justice by improperly arguing during the pre-trial *Jackson v. Denno* hearing that the statement was admissible, when the State never intended to introduce the statement at the guilt phase of trial. We disagree.

■ A PCR applicant bears the burden of establishing he is entitled to relief. *Caprood v. State*, 338 S.C. 103, 525 S.E.2d 514 (2000). To prove counsel was ineffective, the applicant must show counsel's performance was deficient and the deficient performance caused prejudice to the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, the applicant must show that, but for counsel's errors, there is a reasonable probability the result of trial would have been different. *Johnson v. State*, 325 S.C. 182, 480 S.E.2d 733 (1997). A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial. *Strickland, supra.*

■ "[I]t is generally recognized that the prosecution and the defense should be afforded wide discretion in the selection and presentation of evidence." *State v. Johnson*, 338 S.C. 114, 525 S.E.2d 519 (2000) (citing *State v. Richardson*, 253 S.C. 468, 171 S.E.2d 717 (1969)). It is "unquestionably true as a general matter" that "the prosecution is entitled to prove its

case by evidence of its own choice. . . ." *Old Chief v. U.S.*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

Trial counsel testified he assumed the State would try to introduce the statement during the guilt phase because the State argued at the *Jackson v. Denno* hearing that the statement was voluntarily given. He acknowledged, however, that no one from the prosecution team told him affirmatively that the State intended to introduce the statement during the guilt phase.

One solicitor testified the State decided well before trial not to present petitioner's statement during the guilt phase because it was contrary to what the State sought to prove. The solicitor opined that, without the statement, petitioner would have to testify and subject himself to cross-examination in order to present his version of the incident in the guilt phase. The State therefore moved *in limine* to bar petitioner from introducing the statement when the police officer to whom the statement was made was called as a witness during the guilt phase.

Another solicitor testified the prosecution decided not to use the statement in the guilt phase unless petitioner testified. The solicitor also stated that even if trial counsel had approached him before opening argument and asked whether the State intended to introduce the statement, he would not have disclosed that information because whether or when to introduce the statement was part of their strategy in trying the case.

We find there is evidence to support the PCR judge's finding trial counsel were not ineffective. *Cherry, supra.* The State requested the *Jackson v. Denno* hearing to determine the voluntariness of the statement for use in the penalty phase and in the event it decided to introduce the statement to cross-examine petitioner, should he choose to testify. In doing so, the State used the wide discretion it is afforded in the selection and presentation of evidence. *Johnson, supra.* The solicitors' decision not to present petitioner's statement during its case in chief did not constitute prosecutorial misconduct, but was a matter of trial strategy. For this reason, we affirm the PCR judge's order.

## II. *Trial strategy*

■ Petitioner contends trial counsel were ineffective in failing to adjust their defense strategy in the guilt phase of trial in order to maintain credibility with the jury during sentencing. Specifically, petitioner argues trial counsel had a duty, after stating during the opening statement that petitioner "confessed," to adjust their trial strategy and not continue to pursue a reasonable doubt defense. We disagree.

Assuming trial counsel were deficient in not changing their trial strategy to gain credibility with the jury, petitioner has failed to meet his burden of showing he was prejudiced. *Strickland, supra.* Considering the evidence the State presented during the guilt phase of trial, petitioner cannot show the outcome of the penalty phase would have been different had trial counsel conceded petitioner's guilt in the guilt phase.

### CONCLUSION

Because there is evidence to support the dismissal of petitioner's application for PCR, the order of the PCR judge is

**AFFIRMED.**

TOAL, C.J., BEATTY, J., and Acting Justice JAMES E. MOORE, concur. KITTREDGE, J., concurring in result only.