**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Bowers, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2010-152167

---

**ON WRIT OF CERTIORARI**

---

Appeal From Beaufort County
Alexander S. Macaulay, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-272
Heard April 9, 2013 – Filed June 19, 2013

---

**AFFIRMED**

---

Kathrine Haggard Hudgins, of Columbia, for Petitioner.


Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Attorney General Matthew J. Friedman, and Assistant Attorney Ashleigh R. Wilson, all of Columbia, for Respondent.

---

**PER CURIAM:** This post-conviction relief (PCR) appeal arises out of Petitioner James Bowers' conviction for armed robbery. Bowers was sentenced to life without parole (LWOP) pursuant to section 17-25-45(A) of the South Carolina Code (2003), also known as the two-strikes law. On appeal, Bowers argues the PCR court erred by finding trial counsel was not ineffective when trial counsel failed to challenge his prior conviction for assault with intent to ravish as a "most serious offense" for purposes of imposing a LWOP sentence pursuant to the two-strikes law. Because we find the issue unpreserved for review, we must affirm the PCR court's denial of Bowers' application.

The PCR court ruled trial counsel sufficiently challenged the use of Bowers' prior convictions for purposes of the trial court imposing LWOP pursuant to the two-strikes law. At the hearing, the PCR court found trial counsel raised to the trial court the issue of whether assault with intent to ravish was the same offense as the most serious offenses of assault with intent to commit first or second-degree criminal sexual conduct (CSC). The record indicates that at sentencing, trial counsel objected to the trial court using Bowers' prior assault with intent to ravish conviction to enhance his conviction, arguing the two-strikes law is unconstitutional and the conviction was too remote. Trial counsel also objected to using Bowers' prior robbery conviction to enhance Bowers' conviction. The State explained it was relying on the assault with intent to ravish conviction to enhance Bowers' conviction pursuant to the two-strikes law. Trial counsel responded, "I am satisfied [that the assault with intent to ravish conviction] was the same offense, basically, that we have here today and our laws concerning criminal sexual conduct." In ruling the prior assault with intent to ravish conviction could enhance Bowers' sentence to LWOP, the trial court found "as [Bowers' counsel] indicated, this particular offense, that is, assault with intent to ravish, is the same as assault with intent to commit criminal sexual conduct in either the first or the second degree which comes within the most serious crime classification." Trial counsel did not object to this ruling, and the trial court sentenced Bowers to LWOP. Based on the foregoing, we have concerns <u>trial counsel</u> did not challenge the use of the prior assault with intent to ravish conviction on the basis that it was not the equivalent to first or second-degree CSC. Instead, trial counsel actually agreed with the State that the prior conviction is equivalent to first or second-degree CSC and could be used as a "most serious offense" to impose LWOP pursuant to the two-strikes law.

However, we need not address whether the PCR court's finding is clearly erroneous. Despite the foregoing, <u>PCR counsel</u> did not raise the issue of the use of

the assault with intent to ravish prior conviction as a "most serious offense" to the PCR court. At the PCR hearing, PCR counsel argued Bowers' only ground for challenging sentencing was trial counsel's failure to challenge the sentence based on the prior conviction of common law robbery. PCR counsel did not provide the PCR court with any arguments, testimony, objections, or case law that trial counsel was ineffective in challenging the LWOP sentence based on the use of Bowers' prior conviction for assault with intent to ravish as a "most serious offense." Similarly, PCR counsel did not provide the PCR court with any arguments that trial counsel's errors prejudiced Bowers or subjected him to an increased sentence. *See Patrick v. State*, 349 S.C. 203, 207, 562 S.E.2d 609, 611 (2002) (noting the burden of proof is on a PCR applicant to prove trial counsel was ineffective and trial counsel's errors prejudiced the applicant). Additionally, in Bowers' two Rule 59(e), SCRCP motions to alter or amend the judgment, PCR counsel alleged trial counsel was ineffective for failing to challenge the LWOP sentence based upon his prior conviction for common law robbery, but did not allege trial counsel was ineffective for failing to challenge the LWOP sentence based upon the prior assault with intent to ravish conviction. Further, the Rule 59(e) motions did not challenge the PCR court's finding on trial counsel's challenge to the use of the prior assault with intent to ravish conviction as a "most serious offense." Because Bowers failed to meet his burden of proof, we hereby affirm the decision of the PCR court.[1] *See Terry v. State*, 394 S.C. 62, 66, 714 S.E.2d 326, 329 (2011) ("A PCR applicant bears the burden of establishing he is entitled to relief."); *id.* ("To prove counsel was ineffective, the applicant must show counsel's performance was deficient and the deficient performance caused prejudice to the applicant's case.").[2]

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**

---

[1] It is possible the prior conviction could have met the elements of only third-degree CSC, and therefore, was not properly utilized for LWOP purposes; however, the details of the prior conviction are not reflected in the record.

[2] The availability of any other collateral relief proceeding arising from the current PCR action, such as habeas corpus, is not before us.