23675

John J. SIMMONS, Petitioner v. STATE of South Carolina, Respondent.
(419 S.E. (2d) 225)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III,* of *the South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka and Asst. Atty. Gen. Miller W. Shealy, Jr.,* Columbia, *for respondent.*

Submitted October 22, 1991.

Decided June 8, 1992.

FINNEY, Justice:

This Court granted certiorari to review the circuit court's denial of Petitioner John J. Simmons' application for postconviction relief (PCR). After consideration of the record and applicable law, we now reverse and remand.

Petitioner was convicted for possession of marijuana with intent to distribute and trafficking in cocaine, for which he received concurrent sentences to imprisonment for five years and twenty-five years, respectively. On appeal, this Court affirmed petitioner's convictions and sentences pursuant to South Carolina Supreme Court and Court of Appeals Rule 23. *State v. Simmons*, Memo. Op. No. 87-MO-340 (Filed August 24, 1987). Subsequently, the petitioner filed an application for PCR alleging ineffective assistance of counsel at both the trial and appellate levels. The circuit court denied PCR, and the petition to this Court for a writ of certiorari followed.

The record reflects that this case arose when Florida State Trooper Robert Lewis Vogle, Jr., stopped a rented vehicle south of Daytona Beach, Florida, for speeding. The vehicle had been rented to the petitioner, who was a passenger at the time, and was being driven by Joe Logan. Trooper Vogle observed that both occupants appeared nervous, and requested their voluntary consent to a search of the vehicle. After they refused to voluntarily allow a search, Trooper Vogle issued a traffic citation and they were released. Immediately thereafter, Trooper Vogle notified the County Police in Georgetown, South Carolina, of his suspicion that the vehicle was transporting illegal drugs from Florida to Georgetown.

The Georgetown County Police set up surveillance, spotted the vehicle being driven by petitioner into Georgetown, and followed it to Logan's residence. In the course of events which followed, the petitioner and Logan were arrested. The officers searched the vehicle and found in the trunk powdered cocaine weighing 113.67 grams and 94.63 grams of cocaine contained

in 700 pink capsules. Petitioner's trial, conviction, sentencing and appeal ensued.

Thereafter, the petitioner filed an application for PCR alleging ineffective assistance of both trial counsel and appellate counsel. After an evidentiary hearing on his application on November 16, 1989, PCR was denied and the case came before this Court on the petition for writ of certiorari.

The PCR court ruled that petitioner's trial counsel was effective based upon its determination that the petitioner had failed to show otherwise. The PCR court found that trial counsel's failure to object during the solicitor's closing summation was not the result of ineffective assistance of counsel and that the petitioner was not prejudiced thereby. At the evidentiary hearing, petitioner's trial counsel testified that he did not interpose objections to the solicitor's closing summation because the argument was appropriate under the law and within the testimony and evidence presented at the trial.

We address petitioner's allegation that his trial counsel was ineffective for failing to object to examination and closing argument of the solicitor which drew attention to petitioner's refusal to permit a warrantless search of his automobile.

At the outset, counsel is presumed to be effective and a PCR applicant must overcome this presumption in order to be granted relief. The two-prong test for determining whether or not counsel was ineffective is 1) proof that counsel's performance was deficient; and 2) a showing that the defendant was prejudiced thereby. The primary consideration under the first prong is whether or not counsel's performance was reasonable within the range of prevailing professional standards. The second prong mandates proof that counsel's deficiency prejudiced the defendant to such a degree there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 446 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Horton v. State*, — S.C. —, 411 S.E. (2d) 223 (1991).

The United States Constitution, Amendment IV, prohibits unreasonable searches and seizures, prescribes the procedure for obtaining search warrants, and bestows the right to refuse entry and search without a warrant. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S. Ct. 2041, 36 L. Ed. (2d) 854 (1983); *United States v. Prescott*, 581 F. (2d) 1343 (9th Cir. 1978).

Next, the law is clearly established that the state cannot, through evidence or argument, comment upon an accused's exercise of a constitutional right. *Doyle v. Ohio*, 426 U.S. 610, 96 S. Ct. 2240, 49 L. Ed. (2d) 91 (1976); *State v. Johnson*, 293 S. C. 321, 360 S.E. (2d) 317 (1987); *State v. Smith*, 290 S.C. 393, 350 S.E. (2d) 923 (1986); *State v. Brown*, 289 S.C. 581, 347 S.E. (2d) 882 (1986).

Following is the pertinent portion of the solicitor's cross examination of the petitioner during his trial.

> Q. And the trooper wanted to search your car and you wouldn't let him, would you?
> A. That is right.
> Q. Because you had something to hide, didn't you?
> A. No, I don't have nothing to hide.
> Q. The dope is right there, came out of the trunk of your car, and you wouldn't let the trooper search your car because you didn't want him to find the dope, did you?
> A. You are saying that.
> Q. I am asking you; isn't that right?
> A. No, that is not right.
> Q. Would you tell us if it was right?
> A. No, it is not right.

The relevant portion of the solicitor's closing argument to the jury follows.

> . . . So, he asked them—this is very, very important. He asked them if he could search the car. And you know what Mr. Campbell said. We all have a right not to let someone search our car, but what reason would he have not to let him search the car? Just a rental car. He said he had never went in the trunk. Why didn't he want him to search the car? Right here, folks, right here. They picked it up in Miami and they were bringing it back home to Georgetown.

In the view of this Court, the solicitor's cross examination and jury argument concerning petitioner's refusal to allow a warrantless search of his vehicle was violative of the fourth amendment of the Federal Constitution. Consequently, petitioner's trial counsel should have objected. Earlier in the trial, counsel did interpose an objection to admitting into evidence

the Voluntary Consent Form bearing petitioner's signed refusal, but this record reflects no objection to the impermissible examination or closing summation by the solicitor. We conclude that counsel's failure to fulfill such a basic tenet of criminal defense brings his representation of the petitioner below the standard of reasonableness under the prevailing standards of the profession. Our consideration of this record indicates the petitioner suffered prejudice to the extent that there exists a probability that counsel's deficient performance affected the outcome of petitioner's trial.

This Court finds that the petitioner has overcome the presumption that his trial counsel was effective had is, therefore, entitled to postconviction relief. Accordingly, we reverse the ruling of the PCR court, the conviction and sentence of the trial court, and remand this case for a new trial.

Reversed and remanded.

HARWELL, Acting C.J., and CHANDLER and TOAL, JJ., concur.

GREGORY, C.J., not participating.