580 S.E.2d 133

**Bryan M. GANTT, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 25634.

Supreme Court of South Carolina.

Submitted Feb. 20, 2003.

Decided April 28, 2003.

Rehearing Denied June 10, 2003.

184

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General B. Allen Bullard, Jr., and Assistant Attorney General David A. Spencer, of Columbia, for petitioner.

Assistant Appellant Defender Aileen P. Clare, of S.C. Office of Appellate Defense, of Columbia, for respondent.

PER CURIAM.

We granted the State's petition for a writ of certiorari to review the grant of post-conviction relief (PCR). We now reverse.

## FACTS

Respondent Gantt was convicted and sentenced for first degree criminal sexual conduct, kidnapping, armed robbery, grand larceny of a vehicle, possession of crack cocaine, and resisting arrest. These convictions all stemmed from a single incident.

The thirty-one-year-old victim (Victim) testified she was cleaning her car at a car wash when respondent approached her from behind, put a gun to her back, and demanded her money and jewelry. After she complied, he threatened to kill her if she screamed and told her to get in the car. They drove to a wooded area where respondent raped Victim in the front seat of the car and threw the used condom out the car window.

Respondent then had Victim drive to a bank to withdraw money for him. When Victim asked a teller for help, respondent drove off in Victim's car leaving her at the bank. Victim took police to the scene of the rape where an officer recovered the used condom. The DNA profile recovered from the semen in the condom matched respondent's.

Respondent was arrested the same day. He was in Victim's car, a gun was in the car,[1] and he had a piece of crack cocaine in his pocket. He fought with the arresting officers.

At trial, respondent testified that he met Victim at a crack house and she agreed to have sex with him in exchange for crack. They had consensual sex in her car then drove to the bank so she could withdraw money to buy more crack. Victim was acting paranoid from the drugs so respondent followed her into the bank. When she was belligerent to him, he left in her car.

Shortly after respondent's arrest, Officer Davis went to the jail with a search warrant to obtain blood, saliva, and hair from respondent. Officer Davis testified that respondent refused to cooperate at that time. The samples were subsequently taken pursuant to court order. Respondent testified he initially refused to cooperate because he wanted his lawyer present. Evidence corroborated that respondent willingly

---

1. The gun was a B.B. gun. The victim testified she knew nothing about guns.

gave the requested samples when presented with the proper order.

On appeal, respondent claimed the trial judge erred in allowing evidence of his refusal to cooperate because the search warrant was invalid under S.C.Code Ann. § 17–13–140 (2002). In an unpublished opinion, the Court of Appeals declined to address the issue because there was no objection to the validity of the search warrant.

Respondent subsequently brought this PCR action claiming counsel was ineffective for failing to object to the search warrant's validity.[2] The PCR judge found counsel was ineffective and respondent was prejudiced because the State used the evidence of respondent's non-compliance as evidence of his guilt.

## ISSUE

Was respondent prejudiced by evidence that he refused to comply with the search warrant?

## DISCUSSION

A lawful arrest does not in itself justify a warrantless search that requires bodily intrusion. The Fourth Amendment protects against intrusions into the human body for the taking of evidence absent a warrant unless there are exigent circumstances such as the imminent destruction of evidence.[3] *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *see also State v. Dupree*, 319 S.C. 454, 462 S.E.2d 279 (1995) (applying *Schmerber* analysis to search of suspect's mouth). Where blood is needed only to determine blood type to match existing evidence as here, a warrant must be obtained even though there has been a lawful arrest.

---

2. At the hearing, counsel agreed he was ineffective for failing to preserve this issue but he believed the outcome of the trial would not have been different. Counsel's admission is unlike the testimony of counsel in *Martinez v. State*, 304 S.C. 39, 403 S.E.2d 113 (1991), where trial counsel admitted the testimony of a potential witness could have made a difference.

3. For example, blood alcohol level is considered evidence subject to imminent destruction. *Schmerber*, 384 U.S. at 770–71, 86 S.Ct. 1826.

■ A warrant allowing a bodily intrusion must comply with § 17–13–140[4] and requires the following: 1) a finding there is a clear indication that material evidence of guilt will be found; 2) a finding the method used to secure the evidence is safe and reliable; and 3) a balancing of the seriousness of the crime, the importance of the evidence, and the unavailability of less obtrusive means against the right to be free from bodily intrusion. *State v. Register*, 308 S.C. 534, 419 S.E.2d 771 (1992); *In re: Snyder*, 308 S.C. 192, 417 S.E.2d 572 (1992). The search warrant in this case did not meet these requirements.

■ Respondent's refusal to comply with an invalid search warrant was essentially a refusal to comply with a warrantless search. We have held under *Doyle v. Ohio*,[5] the prosecution may not comment on the accused's refusal to comply with a warrantless search. *Simmons v. State*, 308 S.C. 481, 419 S.E.2d 225 (1992).[6] Had trial counsel challenged the validity of the search warrant, respondent could have objected to evidence that he refused to comply. Counsel was therefore ineffective in failing to challenge the search warrant's validity.

■ An applicant for PCR, however, must show prejudice from counsel's deficient performance. *Patrick v. State*, 349 S.C. 203, 562 S.E.2d 609 (2002). When a *Doyle* violation has occurred, as alleged here, we will consider the following factors in determining prejudice on PCR: 1) whether the reference to the accused's exercise of his constitutional right was a single reference; 2) whether the State tied the exercise of this right directly to the accused's exculpatory account; 3) whether the accused's exculpatory account was totally implausible; and 4) whether the evidence of guilt was overwhelming. *McFadden v. State*, 342 S.C. 637, 539 S.E.2d 391 (2000).

---

4. This section provides generally for the issuance of a search warrant based on probable cause.

5. 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

6. This holding effectively overruled *State v. Middleton*, 266 S.C. 251, 222 S.E.2d 763 (1976), which held where the search is refused and therefore not conducted, there is no fourth or fifth amendment right implicated and testimony regarding the refusal is admissible.

■ As argued by the solicitor in closing, this case turned on credibility. The evidence that respondent kidnapped and raped Victim was not overwhelming in contrast to respondent's exculpatory account of a consensual encounter. The reference to respondent's refusal to comply with the search warrant, however, was only a single reference and was not tied to respondent's guilt. The solicitor's entire colloquy with Officer Davis was:

Q: What was [respondent's] response to you in the request for these samples?

A: That he did not want to do it.

Q: Did he refuse?

A: Yes, sir.

In argument, the solicitor referred once to respondent's refusal in the context of "he knew his rights" when police arrived with the search warrant, but the solicitor did not argue this refusal as evidence of guilt.

We find respondent failed to make the requisite showing that there is a reasonable probability the result of the trial would have been different but for counsel's error. *Patrick v. State, supra.* Because there is no evidence supporting the PCR judge's finding of prejudice, we reverse.

**REVERSED.**

TOAL, C.J., MOORE, WALLER, BURNETT, JJ., concur. PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES.

I respectfully dissent. The post-conviction relief (PCR) judge granted respondent's application, finding respondent had proven both that his trial counsel's performance was deficient and that respondent was prejudiced by this deficient performance. The majority and I agree that trial counsel should have objected both to the evidence of respondent's refusal to comply with the unlawful search warrant, and to the solicitor's reference to this refusal in his closing argument since "it is clearly established that the state cannot, through evidence or argument, comment on the accused's exercise of a constitutional right." *Simmons v. State,* 308 S.C. 481, 484, 419 S.E.2d 225, 226 (1992). Further, since as the majority ac-

190

knowledges the evidence of respondent's guilt was not over-whelming and the case turned on credibility, I would defer to the PCR judge's finding that respondent was prejudiced by this deficient performance. *See, e.g., Burnett v. State*, 352 S.C. 589, 576 S.E.2d 144 (2003) (this Court is required to affirm the PCR judge's findings where they are supported by any evidence of probative value).