NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 27

No. 2018-003

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Windham Unit, |
| | Criminal Division |
| | |
| Erika M. Schapp | January Term, 2019 |

Michael R. Kainen, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellee.

Matthew Valerio, Defender General, and Rebecca Turner, Appellate Defender, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **EATON, J.** Defendant appeals a conviction of refusal to submit to an evidentiary breath test to determine blood-alcohol concentration. Defendant argues that (1) the court erroneously admitted evidence of her refusal to take a preliminary breath test (PBT), (2) the State failed to meet its burden of proving the "reasonableness" requirement for criminal refusal beyond a reasonable doubt, and (3) the State failed to prove that she refused the test. We affirm.

¶ 2. Defendant was charged with driving while intoxicated (DUI), second offense, and criminal refusal. The charges were bifurcated for trial.[1] In the DUI phase of the trial, the State

---

[1] Prior to trial, defendant moved to sever the charges and have the two counts heard by separate juries. The court denied the motion.

presented the following evidence. Late one evening in October 2016, a Brattleboro police officer was parked downtown and observed defendant, coming from the direction of a bar, walk to a car and drive away. The officer followed the car and executed a stop after he observed the car driving ten miles over the speed limit. The officer detected a faint odor of alcohol and noticed that defendant's eyes were watery, and her speech was slightly slurred. Defendant denied drinking alcohol and stated that she was a waitress. Based on these observations, the officer asked defendant to exit the car and take field-sobriety tests. During defendant's performance of the tests, the officer observed four clues of impairment. The officer suspected that defendant was impaired and requested that defendant provide a sample of breath for a PBT. Defendant refused to take the test, and the officer arrested her and brought her to the police department. A video of the roadside encounter was admitted at trial. At the police station, the officer requested that defendant provide an evidentiary breath test and defendant refused. A video of this encounter was also admitted and played for the jury.

¶ 3. At the outset of the DUI stage of the trial, defendant sought to exclude the fact that defendant refused to take a PBT. The court concluded that defendant's refusal to take the PBT demonstrated consciousness of guilt and that it was admissible in the DUI trial. The court also granted defendant's request to introduce evidence about her reasons for refusing, concluding it was relevant to her state of mind.

¶ 4. Defendant testified that on the day of her arrest, she had been up at 5 a.m. and had worked as a waitress in a restaurant from 4 p.m. to 11:30 p.m. during which time she served alcoholic drinks. She explained that she had trouble with the roadside tests because she was tired, had a sore ankle, the terrain was uneven, and the officer's instructions were not clear. She expressed that she refused to take the PBT because she felt intimidated and isolated, and that she did not get clear answers from the officer about how the PBT would be used. She thought that the

2

use of handcuffs and the pat down after the arrest was excessive and stated that, after being arrested and handcuffed, she offered to take a PBT, but the officer said it was too late. At the police station, she stated that it made her feel uncomfortable when she asked to use the bathroom and the officer stood in the doorway and did not turn away. She stated that she declined to take an evidentiary test because she was uncomfortable and did not want to cooperate further. Later, she asked if it was too late to take the test, and the officer said that it was.

¶ 5. During closing arguments to the DUI charge, the prosecutor stated that defendant had refused to take the evidentiary and preliminary tests, and stated "you can draw conclusions, based on both those refusals, she was trying to hide something. That is consciousness of her guilt, that she didn't want the police to know that she had been drinking, so she refused. She refused the test."

¶ 6. The court instructed the jury generally and specifically on the elements of the DUI charge. The court explained that in evaluating the elements of the charge, the jury could consider any relevant observations of defendant and that the jury could "use any evidence regarding refusal along with other evidence to decide whether the State has met its burden of proving each of the essential elements of the offense beyond a reasonable doubt. However, you are not required to draw any inference from this evidence." The jury acquitted defendant on the DUI charge.

¶ 7. The case proceeded to the second phase regarding the refusal charge. The only additional evidence presented was the State's evidence that defendant had a prior DUI conviction, an element of the refusal charge. The State requested that the court instruct the jury not to consider defendant's reasons for refusing to provide an evidentiary test, claiming those reasons were not relevant to the refusal charge. Defendant argued that her reasons for refusing to take the test were relevant to whether the officer's request to take an evidentiary test was reasonable. The court concluded that the issue was whether the officer had a reasonable basis to believe that defendant

3

was impaired, and this was determined by objective factors, not defendant's subjective feelings for not cooperating. In closing arguments, the State explained that the issue in the refusal prosecution was whether the officer had "reasonable grounds to believe the person was DUI and that their request was reasonable under the circumstances." The State repeated several times that the question was whether the officer had reasonable grounds to believe defendant was driving while intoxicated. Defendant argued that her refusal was not definitive, and that the officer's request was not reasonable under the circumstances.

¶ 8. The court began its instructions by stating "My previous instructions still apply to you, but now you are to consider these additional instructions as Count 2." The court explained the elements of the refusal charge, stating:

> The fifth essential element is that at the time of the request, the officer had reasonable grounds to believe that [defendant] had been operating a motor vehicle on a highway and that she was under the influence of intoxicating liquor. Reasonable grounds means that the officer had made specific observations reasonably supporting an inference that [defendant] had been operating a motor vehicle while she was under the influence of intoxicating liquor.
>
>  . . . .
>
> The sixth essential element is that the officer's request for an evidentiary test was reasonable under the circumstances. The officer must have had reasonable grounds to believe that [defendant] had been operating a motor vehicle on a public highway and that she was under the influence of intoxicating liquor.

¶ 9. As to the prior evidence regarding defendant's proffered reasons for refusing to take the evidentiary test, the court further instructed the jury "not to consider why [defendant] refused an evidentiary test, only whether she refused." Defendant made one unrelated objection to the jury instruction. The jury returned a guilty verdict to the refusal charge. Defendant appeals her refusal conviction.

4

## I. Admission of Refusal to Take PBT

¶ 10.    On appeal, defendant's main argument is that the court erred in admitting evidence of her refusal to take a PBT for the purpose of demonstrating her consciousness of guilt to driving while under the influence.

¶ 11.    To fully understand defendant's argument, it is necessary to review the legal framework. The DUI statutes authorize law enforcement to administer two types of breath tests for determining blood-alcohol levels. The first is a PBT, which is an investigatory tool used by officers in the field "to ascertain whether probable cause exists to believe that an individual has been driving under the influence of alcohol." State v. McGuigan, 2008 VT 111, ¶ 14, 184 Vt. 441, 965 A.2d 511. PBTs are "quick and minimally intrusive" tests, which provide information about a person's blood-alcohol level and thus are valuable tools in detecting drunk driving. Id. (quotation omitted). For this reason, we have held that although administering a PBT is a search, it is a reasonable one under the Fourth Amendment and Article 11 as long as the officer has "specific, articulable facts indicating that an individual has been driving under the influence of alcohol." Id. The DUI statutes mirror this standard, allowing the officer to request a PBT if the officer "has reason to believe that a person may be violating or has violated section 1201 of this title." 23 V.S.A. § 1203(f). The PBT can be administered using "a device approved by the Commissioner of Public Safety." Id. The statute provides that "[t]he results of this preliminary screening test may be used for the purpose of deciding whether an arrest should be made and whether to request an evidentiary test and shall not be used in any court proceeding except on those issues." Id.

¶ 12.    The second type of breath test is an evidentiary breath test, which, as its name implies, is one that "is intended to be introduced as evidence." Id. § 1200(3). Given that the evidentiary test may be introduced as substantive evidence of guilt of driving under the influence, the requirements for requesting an evidentiary test are different than those for the PBT. First, there

is a higher threshold that police must meet to request an evidentiary test. An evidentiary test may be requested "when a law enforcement officer has reasonable grounds to believe that the person was operating, attempting to operate, or in actual physical control of a vehicle in violation of section 1201 of this title." Id. § 1202(a)(3). Second, prior to administering an evidentiary test, the person has a right to consult with an attorney and to be informed of certain information. See id. § 1202(c). Third, the statutes provide equipment and testing protocols. Id. § 1203(c), (d). If these standards are met, the numerical test results of an evidentiary test may be admitted at trial.

¶ 13. For either a PBT or an evidentiary test, once the required threshold is met, an officer can request a test, but a person cannot be forced to comply. State v. Therrien, 2011 VT 120, ¶ 10, 191 Vt. 24, 38 A.3d 1129 (explaining that "when an officer has a reasonable suspicion of DUI, he may 'request' that the suspect provide a breath sample, but not order such participation"). However, in certain circumstances. refusing to comply can result in a criminal penalty or in admission of the refusal at trial. A person who has a prior DUI conviction "and refuse[s] a law enforcement officer's reasonable request under the circumstances for an evidentiary test where the officer had reasonable grounds to believe the person" was committing a DUI, can be charged with criminal refusal. 23 V.S.A. § 1201(b). Further, "[a] refusal to take a breath test may be introduced as evidence in a criminal proceeding." Id. § 1202(b).[2]

¶ 14. Here, defendant was charged with both DUI-second offense, based on the officer's observations that she was under the influence, and criminal refusal for refusing to take an

_____

[2] This language was added in 2017, after defendant's offense was committed and she was charged, but before her trial. 2017, No. 62, § 9 (effective June 7, 2017). We need not reach the question of whether it applied to her trial, but we note that statutes do not affect suits pending at the time of passage except those "regulating practice in court, relating to the competency of witnesses, or relating to amendments of process or pleadings." 1 V.S.A. § 213; see State v. Rajda, 2018 VT 72, ¶ 13, __ Vt. __, 196 A.3d 1108 (assuming amended 23 V.S.A. § 1202 applied to pending proceeding because parties did not challenge that it was procedural rather than substantive in nature).

evidentiary test. Prior to trial, the court decided that defendant's refusal was admissible but did not differentiate between the refusal to take the PBT or the evidentiary test. In the DUI phase of the trial, the State presented evidence that defendant refused to take both the PBT and the evidentiary test. The refusals were admitted during that phase to show consciousness of guilt to DUI. Defendant's refusals were also mentioned in the refusal stage of trial.

¶ 15. On appeal, defendant asserts that her refusal to take the PBT could not be introduced to demonstrate consciousness of guilt in the refusal stage of the trial because the statute limits use of the "results" of the PBT to "the purpose of deciding whether an arrest should be made and whether to request an evidentiary test and shall not be used in any court proceeding except on those issues." Id. § 1203(f). Defendant equates the word "results" in the statute to "refusal" and claims that a PBT refusal cannot therefore be used as consciousness-of-guilt evidence. In the refusal stage of trial, defendant did not specifically object to admission of the PBT refusal on any ground, including that it violated § 1203(f). As explained below, even if defendant's statutory argument was preserved, we conclude that it lacks merit.[3]

¶ 16. In resolving defendant's argument, we construe the statutory terms by looking at the plain meaning used by the Legislature to determine its intent. See Therrien, 2011 VT 120, ¶ 9

---

[3] On appeal, without specifying which stage of trial, defendant asserts that the State relied on the PBT refusal in the presentation of its case and the court's instruction endorsed using the PBT refusal as probative of guilt, but the argument and instructions cited by defendant pertain to the DUI, not the refusal, charge. In the refusal phase of the trial, the PBT refusal was not emphasized. The discussion of the PBT refusal in the refusal prosecution centered on the admissibility of defendant's reasons for refusing to take the evidentiary and PBT tests. The court properly concluded that defendant could not enter evidence about why she refused—not specifying whether as to the evidentiary or preliminary tests—because her reasons for refusing either test were not relevant to the elements of the refusal charge.

In a similar vein, defendant argues that she was prevented from presenting a full defense because the court limited her ability to explain her reasons for refusing to take the test. There is no merit to this claim insofar as her reasons for declining to take either the evidentiary or preliminary tests were not relevant to the elements of the refusal charge.

("When interpreting a statute our goal is to give effect to the intent of the Legislature, and to do so we first look at the plain, ordinary meaning of the statute. If the plain language is clear and unambiguous, we enforce the statute according to its terms." (quotation omitted)). If there is any ambiguity in the meaning of a word, "we look to the general context of the statutory language, the subject matter, and the effects and consequences of our interpretation." Shea v. Metcalf, 167 Vt. 494, 498, 712 A.2d 887, 889 (1998).

¶ 17. Even if we accepted defendant's argument that the word "results" in § 1203(f) encompasses not just numerical data, but a defendant's choice to refuse the test, we would reject defendant's argument that the statute prohibits admitting the PBT in the refusal stage of this trial. The PBT was not being used in the refusal stage to demonstrate that defendant was, or thought she was, guilty of DUI. That was not an element of the refusal charge. The refusal to take the PBT was entered to show an element of the refusal charge—that the officer had reasonable grounds to believe that defendant was driving under the influence when he asked for the evidentiary test. See 23 V.S.A. § 1201(b) (describing elements of refusal as including whether officer made "reasonable request under the circumstances for an evidentiary test where the officer had reasonable grounds to believe the person" was committing DUI). This is exactly the use contemplated by § 1203(f), which allows use of a PBT "result" to demonstrate whether the officer had a reasonable basis to ask for an evidentiary test. Therefore, this statute did not preclude admission of the refusal PBT for the purpose it was used in the refusal prosecution.

¶ 18. For the first time on appeal, defendant also argues that admitting the PBT refusal in the criminal refusal prosecution to prove her consciousness of guilt to DUI violated her right to due process and the rules of evidence.[4] Defendant reasons that because an element of the refusal

---

[4] The dissent concludes that it was unconstitutional to admit defendant's refusal to take the PBT for the purpose of determining whether there was probable cause to ask for an evidentiary test. This differs from the constitutional argument raised by defendant on appeal—that the PBT

8

charge was whether the officer had reasonable grounds to believe that she was committing a DUI, essentially the officer was using her refusal to take the PBT as consciousness of her guilt to DUI, which was both unconstitutional and unduly prejudicial. These arguments were not raised in the trial court and therefore not properly preserved for appeal. Moreover, we disagree with defendant's logic. Admitting defendant's PBT refusal to prove her guilt to DUI is different from admitting the PBT refusal to evaluate whether the officer had reasonable grounds to ask for an evidentiary test when the existence of reasonable grounds is an issue to be decided.[5] We underscore that we are not evaluating whether the PBT refusal was properly admitted in the DUI proceeding to demonstrate consciousness of guilt. Defendant was acquitted on that charge. In the refusal prosecution, the PBT was not admitted to demonstrate defendant's consciousness of guilt

---

refusal could not be admitted to demonstrate consciousness of guilt to DUI. The constitutional issue identified by the dissent is complex and deserves full analysis. Because the parties did not raise the constitutional issue identified by the dissent, we do not analyze it. DeYoung v. Ruggiero, 2009 VT 9, ¶ 24 n.2, 185 Vt. 267, 971 A.2d 627 (explaining that Court would not reach issue not raised by parties below or on appeal). We do, however, feel compelled to point out that many of the cases cited by the dissent for the proposition that a refusal to consent cannot form the basis for reasonable suspicion, in fact state that refusal to consent to a search cannot alone provide reasonable suspicion. The U.S. Supreme Court explained that a refusal to listen or answer "without more" does not furnish reasonable suspicion. Florida v. Royer, 460 U.S. 491, 498 (1983). Further, in United States v. Santos, 403 F.3d 1120, 1125 (10th Cir. 2005), the court explains, in a sentence prior to the quote provided in the dissent, that "[a] refusal to consent to a search cannot itself form the basis for reasonable suspicion." See also United States v. Manuel, 992 F.2d 272, 274 (10th Cir. 1993) (explaining that "the exercise of a right to refuse consent alone cannot be the basis of reasonable suspicion").

[5] It is well established that in determining whether there is probable cause, an officer can consider information that would not necessarily be admissible in a criminal trial to prove guilt. In Brinegar v. United States, 338 U.S. 160, 172-73 (1949), the U.S. Supreme Court explained that there is a difference between what is required to show probable cause and what is required to prove guilt. "There is a large difference between the two things to be proved, as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them." Id. at 173. Accordingly, evidence that may not be admissible to prove guilt could be admissible in a hearing to demonstrate whether there was probable cause. Id. For this exact reason, an argument that evidence cannot be admitted to prove consciousness of guilt is not the equivalent of an argument that the evidence cannot be used by an officer in assessing whether there was probable cause because these are separate standards.

9

to DUI. Therefore, we do not reach these arguments. Defendant has not proffered any other basis on which the court should have excluded the PBT refusal in the refusal prosecution. See Rajda, 2018 VT 72, ¶ 19 (citing Vermont Rule of Evidence 402 for proposition that "[a]ll relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute or by these rules or by other rules prescribed by the Supreme Court"). Therefore, we conclude there was no error in admitting the PBT refusal in the refusal stage of defendant's trial.

## II. Reasonable Grounds

¶ 19. Defendant next argues that the State failed to meet its burden of demonstrating that the officer had reasonable grounds to believe defendant was committing a DUI. As set forth above, the offense of criminal refusal is as follows: "A person who has previously been convicted of a violation of this section shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway and refuse a law enforcement officer's reasonable request under the circumstances for an evidentiary test where the officer had reasonable grounds to believe the person was in violation of subsection (a) of this section." 23 V.S.A. § 1201(b). Reasonable grounds as used in this section equates to probable cause, which requires that "the facts and circumstances known to an officer are sufficient to lead a reasonable person to believe that a crime was committed and that the suspect committed it." State v. Perley, 2015 VT 102, ¶ 19, 200 Vt. 84, 129 A.3d 93 (quotation omitted). This is determined by examining the totality of the circumstances. Id. ¶ 20.

¶ 20. Before evaluating whether the facts were sufficient in this case, we address defendant's claim that the court's instructions and statements by the State communicated the wrong standard. First, defendant appears to assert that the court's instructions implied a lesser standard than probable cause. As to reasonable grounds, the court instructed that this "means that the officer had made specific observations reasonably supporting an inference that [defendant] had

10

been operating a motor vehicle while she was under the influence of intoxicating liquor." Defendant failed to object to this instruction at trial and therefore the objection is not preserved for appeal. In any event, this description of reasonable grounds is almost identical to the instruction we approved of in Perley, 2015 VT 102, ¶ 22, and therefore we conclude there was no error.

¶ 21. Defendant also implies that the jury was permitted to convict under a lesser standard of reasonable suspicion because of statements made by the State. Throughout closing argument, the prosecutor described that the standard for refusal was whether the officer had reasonable grounds to suspect that defendant was impaired while driving and whether the request to take an evidentiary test was reasonable. In a rebuttal closing argument, the prosecutor stated that in the refusal prosecution the State had to prove "reasonable suspicion of the officer that [defendant] was impaired by alcohol." On appeal, defendant argues that the use of "reasonable suspicion" in this one instance resulted in error. Defendant did not object to the prosecutor's statement at the time and therefore this claim is not preserved for appeal. State v. Turner, 2003 VT 73, ¶ 16 n.2, 175 Vt. 595, 830 A.2d 122 (mem.) (explaining that where defendant failed to object to allegedly prejudicial statement made by State in closing argument, issue was not preserved for appeal). In any event, this one use of "reasonable suspicion" was harmless given the court's instruction that clearly required a finding of reasonable grounds.

¶ 22. Here, there were sufficient facts to allow the jury to find that the officer had reasonable grounds to believe defendant committed a DUI. These facts included that defendant, who was coming from the direction of a bar, drove over the speed limit, had watery eyes and slurred speech, had a faint odor of alcohol, exhibited clues of intoxication during field sobriety tests, and refused to take a PBT.

### III. Evidence of Refusal

¶ 23.  Defendant's final argument concerns defendant's question to law enforcement regarding whether it was too late to take the evidentiary test.  When law enforcement requests that a person submit to an evidentiary test, "[t]he person must decide whether or not to submit to the evidentiary test or tests within a reasonable time and not later than 30 minutes after the time of the initial attempt to contact the attorney."  23 V.S.A. § 1202(c); see also State v. Bonvie, 2007 VT 82, ¶ 26, 182 Vt. 216, 936 A.2d 1291 (explaining that defendant can reconsider and take test if request is made in reasonable time, but no more than thirty minutes after first attempt to contact attorney).  On appeal defendant asserts that the elements of the statute were not met because defendant offered to take the test after her initial refusal and the State failed to prove that defendant's offer was made beyond the thirty-minute period.  The State argues that § 1202(c) is not an additional element of the charge that the State is affirmatively required to prove.  In the alternative, the State argues that defendant's statement was too vague to amount to an offer to take the test.

¶ 24.  We do not reach the parties' legal arguments because we conclude that defendant did not preserve this objection and has not argued plain error on appeal.  In the DUI portion of the trial, in response to the State's admission of defendant's refusal to take the evidentiary test, defendant sought to admit the fact that after her initial refusal she asked if it was too late to take the test and police declined to allow her to take the test.  The State sought to exclude the testimony, proffering that defendant's request was made beyond the thirty-minute window because the consultation with the attorney lasted twenty-four minutes and the statement was made ten minutes after that.  The State also asserted that defendant's question was equivocal and not the equivalent to rescinding her refusal.  Defendant's attorney conceded that the request was not made in the thirty-minute window and explained that defendant was not challenging the validity of the refusal

or seeking to suppress the refusal on those grounds; rather, she asserted that the evidence was relevant to defendant's state of mind. The court admitted the evidence for this purpose. Given defendant's concession at trial that the comment was made outside the thirty-minute period, defendant's objection is not preserved for appeal.

¶ 25. As to her unpreserved arguments, defendant does not argue plain error on appeal and therefore we do not address them. State v. White, 172 Vt. 493, 499, 782 A.2d 1187, 1192 (2001) (declining to address argument not raised in trial court and where no plain-error argument made on appeal).

Affirmed.

FOR THE COURT:

_____

Associate Justice

¶ 26. **ROBINSON, J., dissenting.** The majority's conclusion that refusal to consent to a roadside preliminary breath test (PBT) is admissible as evidence in connection with a charge of criminal refusal to take an evidentiary breath test pursuant to 23 V.S.A. § 1201(b) runs afoul of the Constitution. Because the erroneous admission of evidence concerning defendant's refusal to submit to the PBT was not harmless, I respectfully dissent.

I. Constitutional Considerations

¶ 27. The PBT is unquestionably a search for the purposes of the Fourth Amendment. In contrast to the evidentiary breath test, nothing in Vermont law provides that drivers impliedly consent to limitations on their right to refuse a warrantless PBT. An individual's refusal to waive a constitutional right—such as the right to refuse a warrantless search—cannot be used against them in a criminal prosecution. Courts have repeatedly applied this principle in concluding that

13

evidence that a driver refused to consent to a search following a roadside stop cannot be used to support reasonable suspicion or probable cause. For these reasons, the trial court's admission of evidence that defendant refused to take the PBT violated defendant's Fourth Amendment rights.[6]

¶ 28. There can be no doubt that "a PBT is a search." State v. Therrien, 2011 VT 120, ¶ 7, 191 Vt. 24, 38 A.3d 1129. As we have explained,

> Like breathalyzer tests, PBTs provide a chemical analysis of a citizen's breath for the purposes of calculating blood-alcohol content. The PBT requires the production of "deep lung" breath and tests it for alcohol content. These processes appear to be no less private than those involved in a breathalyzer or a blood test. The administration of the test—in which one must breathe into a small, chemical-analysis device—is a physical intrusion. Common recognition of the sanctity of the person leads us to conclude that a PBT "intrudes into [an] area[ ]" that is the "subject of legitimate expectations of privacy," and thus is a search under both the Vermont and United States Constitutions.

State v. McGuigan, 2008 VT 111, ¶ 11, 184 Vt. 441, 965 A.2d 511 (alteration in original).

¶ 29. The PBT does not fall within any recognized exceptions or potential exceptions to the right to refuse a warrantless search in connection with suspicion of driving while intoxicated. It does not fall within the scope of the warrantless search-incident-to-lawful-arrest exception endorsed by the Supreme Court in Birchfield v. North Dakota, __U.S. __, 136 S. Ct. 2160, 2174-85 (2016) (concluding Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving). Moreover, Vermont's implied-consent law applies only to the evidentiary breath test, and not the PBT. In particular, Vermont law provides, "Every person who operates, attempts to operate, or is in actual physical control of any vehicle on a highway in this State is deemed to have given consent to an evidentiary test of that person's breath." 23 V.S.A. § 1202(a)(1)

---

[6] For reasons set forth by Justice Johnson in her dissent in State v. Kinney, 2011 VT 74, ¶ 21, 190 Vt. 195, 27 A.3d 348, I have serious doubts about the relevance of the evidence that defendant refused the PBT, wholly apart from the constitutional considerations. However, I rest my dissent on the constitutional analysis.

(emphasis added). For these reasons, a driver retains a constitutional right to refuse the PBT as a warrantless, unconsented search. McGuigan, 2008 VT 111, ¶ 17 (holding defendant "may refuse to submit to" PBT).

¶ 30. The U.S. Supreme Court has recognized that the Constitution forbids the government from pointing to a defendant's post-arrest silence or invocation of the Fifth Amendment privilege not to testify as evidence of guilt. See Doyle v. Ohio, 426 U.S. 610, 617-18 (1976) ("[I]t would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial."); Griffin v. California, 380 U.S. 609, 614-15 (1965). As the Court explained in Griffin, comment on a defendant's invocation of the Fifth Amendment privilege acts as a penalty imposed for the defendant's exercise of the privilege. 380 U.S. at 614. "It cuts down on the privilege by making its assertion costly." Id.

¶ 31. The same reasoning supports the conclusion that comment on a defendant's exercise of the Fourth Amendment right to refuse a warrantless search improperly burdens that right. As the Ninth Circuit explained in an often-cited decision, the Supreme Court's reasoning in Griffin

> is equally applicable to using against the defendant her refusal to consent to entry into her home without a warrant. The right to refuse protects both the innocent and the guilty, and to use its exercise against the defendant would be, as the Court said in Griffin, a penalty imposed by courts for exercising a constitutional right.

United States v. Prescott, 581 F.2d 1343, 1352 (9th Cir. 1978). Relying on a similar line of reasoning, the vast majority of courts that have reached the question have concluded that an

15

individual's exercise of Fourth Amendment rights by refusing to consent to a warrantless search cannot be used as evidence of guilt.[7]

<hr />

[7] See, e.g., United States v. Runyan, 290 F.3d 223, 249 (5th Cir. 2002) (declining to address question, but noting that "the circuit courts that have directly addressed this question have unanimously held that a defendant's refusal to consent to a warrantless search may not be presented as evidence of guilt"); United States v. Moreno, 233 F.3d 937, 940-41 (7th Cir. 2000) (recognizing that courts have held or suggested that government may not cite defendant's refusal to consent to warrantless search as evidence that defendant knew search would produce incriminating evidence); United States v. Dozal, 173 F.3d 787, 794 (10th Cir. 1999) ("We recognize that the failure to consent to a search cannot form any part of the basis for reasonable suspicion, . . . and we note that asking a jury to draw adverse inferences from such a refusal may be impermissible if the testimony is not admitted as a fair response to a claim by the defendant or for some other proper purpose." (quotation and alteration omitted)); United States v. Thame, 846 F.2d 200, 205-08 (3d Cir. 1988) (holding that prosecutor's use of defendant's refusal to consent to warrantless search of his bag, in exercise of his Fourth Amendment rights, as evidence of guilt improperly penalized defendant's exercise of constitutional right); United States v. Turner, 39 M.J. 259, 262 (C.M.A. 1994) ("Refusal to consent to a warrantless search is privileged conduct which cannot be considered as evidence of criminal wrongdoing." (quotation and citation omitted)); Padgett v. State, 590 P.2d 432, 434 (Alaska 1979) (holding defendant "had a right under the [F]ourth [A]mendment to the Federal Constitution . . . to refuse to consent to a search of all or part of his car. That right would be effectively destroyed if, when exercised, it could be used as evidence of guilt. It was error to admit testimony of defendant's refusal . . . ."); State v. Stevens, 267 P.3d 1203, 1208-09 (Ariz. Ct. App. 2012) (holding trial court erred in permitting state to introduce as evidence of guilt that defendant invoked her Fourth Amendment rights and explaining, "If the Fourth Amendment is to provide rigorous protection against unlawful searches, occupants must not be dissuaded from exercising the right for fear of incurring a penalty in any subsequent criminal prosecution"); People v. Pollard, 2013 COA 31M, ¶ 32, 307 P.3d 1124 (holding "a person's refusal to consent to a search may not be used by the prosecution—either through the introduction of evidence or by explicit comment—to imply the person's guilt of a crime"); Gomez v. State, 572 So. 2d 952, 953 (Fla. Dist. Ct. App. 1990) ("Comment on a defendant's denial of permission to search a vehicle, although not exactly the same thing as comment on a defendant's right to remain silent, since the Fourth Amendment is involved rather than the Fifth, constitutes constitutional error of the same magnitude." (footnote omitted)); Garcia v. State, 712 P.2d 1375, 1376 (N.M. 1986) (holding defendant's "refusal to allow the warrantless search cannot be used as proof of . . . guilt"); State v. Jennings, 430 S.E.2d 188, 200 (N.C. 1993) (recognizing that allowing police officers to testify that defendant refused to allow search of her hotel room and car unconstitutionally penalized defendant's exercise of her Fourth Amendment rights); Commonwealth v. Welch, 585 A.2d 517, 520 (Pa. Super. Ct. 1991) ("[T]he assertion of a right cannot be used to infer the presence of a guilty conscience. . . . The integrity of a constitutional protection simply cannot be preserved if the invocation or assertion of the right can be used as evidence suggesting guilt."); Simmons v. State, 419 S.E.2d 225, 226-27 (S.C. 1992) (awarding post-conviction relief where defense counsel had failed to object to introduction of evidence that defendant had declined to allow warrantless search of his car, and to argument that this refusal suggested that defendant had something to hide); State v. Jones, 230 P.3d 576, 582 (Wash. 2010) (en banc) (concluding that prosecutor's comments concerning defendant's refusal to provide DNA swab sample were improper because defendant

16

¶ 32.   On the basis of this principle, courts have repeatedly recognized that a refusal to consent to a search of a car following a roadside stop cannot be used to support <u>reasonable suspicion</u> or <u>probable cause</u> any more than it can be used as direct evidence of <u>guilt</u>.  <u>United States v. Wood</u>, 106 F.3d 942, 946 (10th Cir. 1997) ("The failure to consent to a search cannot form any part of the basis for reasonable suspicion."); <u>In re H.H.</u>, 94 Cal. Rptr. 3d 450, 453 (Ct. App. 2009) (citing and affirming same); <u>Damato v. State</u>, 2003 WY 13, ¶ 19, 64 P.3d 700 (quoting and applying same); see also <u>Frazier v. Commonwealth</u>, 406 S.W.3d 448, 455 (Ky. 2013) ("While [defendant's] refusal to consent to a search may have aggravated the officers, that refusal cannot be considered as a basis for reasonable suspicion of criminal activity, as such a determination would violate the Fourth Amendment."); <u>Longshore v. State</u>, 924 A.2d 1129, 1159 (Md. 2007) ("[A] person's refusal to consent to a warrantless search cannot form the basis of reasonable suspicion or probable cause."); <u>People v. Kavanaugh</u>, 907 N.W.2d 845, 849 n.7 (Mich. 2017) (holding that defendant's refusal to consent to search is not grounds for reasonable suspicion and that consideration of refusal would violate Fourth Amendment).  Cf. <u>Florida v. Royer</u>, 460 U.S. 491, 498 (1983) (holding that refusal to listen to or answer officer's questions did not furnish reasonable grounds for detaining individual even momentarily).  As the Tenth Circuit explained,

> If refusal of consent were a basis for reasonable suspicion, nothing would be left of Fourth Amendment protections.  A motorist who consented to a search could be searched; and a motorist who refused consent could be searched, as well.  With considerable understatement, this Court has observed that the requirements of reasonable suspicion and probable cause for warrantless searches and seizures would be considerably less effective if citizens' insistence that searches and seizures be conducted in conformity with constitutional norms could create the suspicion or cause that renders their consent unnecessary.

had Fourth Amendment right to refuse to provide sample); <u>State v. Banks</u>, 2010 WI App 107, ¶ 24, 790 N.W.2d 526 ("[I]t is a violation of the defendant's right to due process for a prosecutor to comment on a defendant's failure to consent to a warrantless search.  It has long been a tenet of federal jurisprudence that a defendant's invocation of a constitutional right cannot be used to imply guilt . . . . " (citations omitted)).

United States v. Santos, 403 F.3d 1120, 1126 (10th Cir. 2005) (quotation omitted)

¶ 33.    This principle applies regardless of whether the search at issue involves a person's car or a person's breath: There is no logical distinction between the two scenarios. Both involve using an individual's exercise of constitutional rights by refusing to consent to a warrantless search as a factor supporting reasonable suspicion, probable cause, or guilt. In both cases, admitting the refusal evidence to support what is essentially a probable-cause determination would create the same Catch-22 noted by the Tenth Circuit—heads I win, tails you lose.

¶ 34.    Finally, I don't understand the majority's attempt to distinguish consideration of the PBT to demonstrate that the defendant was guilty of driving under the influence (DUI) from consideration of the test to demonstrate that the officer had reasonable grounds to believe that defendant was guilty of driving under the influence. Whether the issue before the jury was the officer's reasonable grounds to believe that defendant was driving under the influence (for purposes of the refusal charge), or the jury's assessment of whether defendant was, in fact, driving under the influence (for purposes of the DUI charge), the inference purportedly supported by the refusal evidence, as opposed to the measure of proof required to establish the element in question, was the same. In both cases, the only possible theory of relevance was that evidence of defendant's refusal to consent to the warrantless search has some probative value as to the likelihood that she was driving under the influence. This is precisely the inference court after court has recognized is constitutionally proscribed.[8]

---

[8] I do not rule out the possibility that, although the refusal evidence may not be admitted to show reasonable suspicion, probable cause, or guilt of DUI, in some cases it may be admissible for other purposes. See, e.g., Leavitt v. Arave, 383 F.3d 809, 828 (9th Cir. 2004) (per curiam) (prosecutor's comment on defendant's refusal to submit to blood test properly admitted "to attack his [unelicited] claim of cooperation").

18

¶ 35.　The majority suggests otherwise, asserting that "[a]dmitting defendant's PBT refusal to prove her guilt to DUI is different from admitting the PBT refusal to evaluate whether the officer had reasonable grounds to ask for an evidentiary test when the existence of reasonable grounds is an issue to be decided." Ante, ¶ 18.　If it violates the defendant's due process rights to introduce evidence that she exercised her constitutional right to refuse the PBT in order to show that she had some consciousness of guilt and was therefore more likely to have been guilty beyond a reasonable doubt of DUI, it violates those same rights to introduce the refusal evidence to show that she had some consciousness of guilt such that the officer had probable cause to believe she was guilty of DUI.　In both cases, the jury is invited to infer from her refusal that she had some consciousness of guilt that made it more likely that she was driving under the influence.　In one case, the jury was asked whether the State had proven her guilt to DUI beyond a reasonable doubt, and in the other, the jury was asked whether the officer had reasonable grounds to suspect she was guilty of DUI—but the inference from her refusal to take the PBT to an increased likelihood that she was driving under the influence is the same.

¶ 36.　The majority rightly notes that the fact that evidence is not admissible at trial does not mean that it cannot be considered by an officer in determining whether there is probable cause. Ante, ¶ 18 n.5 (citing Brinegar v. United States, 338 U.S. 160, 173 (1949)).　As the U.S. Supreme Court explained in that case, under the rules of evidence, "Much evidence of real and substantial probative value goes out on considerations irrelevant to its probative weight but relevant to possible misunderstanding or misuse by the jury." 338 U.S. at 173.　The Court recognized the different purposes of the "probable cause" requirement and the State's burden to prove to a jury defendant's guilt beyond a reasonable doubt.　Accordingly, it found no error in the trial court considering, in connection with a suppression motion concerning probable cause, an officer's prior

19

arrest of a defendant for illegal transportation of liquor several months before the contested search but then excluding the same evidence from the trial on guilt.

¶ 37. But the fact that not all evidence that is inadmissible at trial is impermissible for the purpose of establishing probable cause does not mean that the probable-cause determination can rest, even in part, on evidence and inferences that are constitutionally proscribed. If the theory of relevance with respect to refusal—or, more specifically, with respect to the officer's reasonable grounds to request an evidentiary test—is something other than an inference of consciousness of guilt on the basis of defendant's exercise of his constitutional right to refuse the PBT , the majority has not explained what that theory would be or why the Constitution allows the State to use defendant's refusal to consent to the PBT in the one setting, even if not the other.

¶ 38. For the above reasons, the trial court's admission of evidence that defendant refused to waive her Fourth Amendment rights by consenting to a warrantless search in the form of a PBT was erroneous—both as to the charge of DUI <u>and</u> the charge of criminal refusal of an evidentiary test.

## II. Harmless Error

¶ 39. The erroneous admission of defendant's refusal to take the PBT was not harmless.[9] "For the error to be harmless, the reviewing court must find beyond a reasonable doubt that the

_____

[9] I review this question applying a harmless-error standard because defendant objected to admission of the PBT refusal evidence multiple times during the DUI stage of the trial. The theory of admissibility at the DUI stage and the refusal stage was the same—that the refusal had some probative value as to the likelihood that defendant was driving under the influence. The only difference between the two stages of the trial was that the State's burden in the DUI phase was to prove that defendant was guilty of DUI beyond a reasonable doubt, whereas the State's burden in the refusal phase was to show probable cause to believe that defendant was driving under the influence. See <u>State v. Perley</u>, 2015 VT 102, ¶ 19, 200 Vt. 84, 129 A.3d 93. Moreover, the only additional evidence admitted at the refusal stage of the trial was evidence of defendant's prior conviction, which was a necessary element of the criminal-refusal charge under 23 V.S.A. § 1202(b). The evidence in the refusal stage did not replow the PBT-refusal ground. In considering whether the State had proven the essential elements of the refusal charge, the jury relied on the prior-conviction evidence as well as all of the evidence presented at the DUI stage,

20

jury would have returned a guilty verdict regardless of the error. When the error involves improper admission of evidence, the error cannot be harmless if there is a reasonable possibility that the evidence complained of might have contributed to the conviction." State v. Oscarson, 2004 VT 4, ¶ 29, 176 Vt. 176, 845 A.2d 337 (quotations omitted).

¶ 40. Defendant's conviction for criminal refusal was far from assured. To find defendant guilty of criminal refusal, the jury had to find, beyond a reasonable doubt, that the officer had reasonable grounds to suspect her of driving under the influence and reasonably requested the evidentiary test. As the majority rightly notes, "reasonable grounds" in this context is essentially "probable cause." Ante, ¶ 20. The jury making this determination acquitted defendant of the actual DUI charge. Although the jury's determination that the State had not sustained its burden beyond a reasonable doubt is not dispositive, it reflects that the evidence that defendant was driving under the influence is far from a slam dunk.

¶ 41. The evidence of the officer's probable cause was his direct-examination testimony that: (1) he observed defendant walking to her car from the direction of a bar; (2) he observed defendant driving ten miles per hour over the speed limit; (3) on his second visit to defendant's vehicle after making the stop, but not the first, he "could faintly smell alcoholic drinks coming from inside of the car;" (4) on his second visit but not his first he observed defendant's speech was "somewhat slurred"; (5) on his second visit but not his first he observed defendant's eyes "appeared to be kind of watery"; (6) he observed defendant exhibiting three clues when she performed the walk-and-turn test; and (7) he observed defendant exhibiting one clue when she performed the one-leg stand test. On cross-examination, he added that he heard some slurred

---

including the objected-to evidence of the PBT refusal. It's not clear when defendant should have or even could have re-raised the objection to the previously-admitted evidence. Even if the objection had not been properly preserved, for the same reasons outlined in my harmless-error analysis, I would conclude that admission of evidence so squarely violative of defendant's due process rights in light of the Fourth Amendment rose to the level of plain error.

speech during his first visit to defendant's car. The jury saw dashcam video of the stop, including of the walk-and-turn and one-leg stand tests, though defendant's lower legs and feet were sometimes blocked from view by the hood of the patrol car. Defendant gave testimony offering innocent explanations for each of the items testified to by the officer, including exhaustion, that any smell of alcohol was because she had just finished a shift of waitressing, during which she had served drinks and alcohol had spilled on her, and—with regard to the dexterity tests—a bad ankle and that the ground was uneven and rocky. The officer also testified to the ground being "slanted" and "uneven" and to the presence of "some loose stones on top of the dirt."

¶ 42. With only that evidence in mind, and no evidence of the PBT refusal, a reasonable jury could have concluded beyond a reasonable doubt that the officer had probable cause to request an evidentiary test. This evidence was sufficient to get to a jury on the refusal charge. But I cannot conclude beyond a reasonable doubt that it would have credited all of the officer's testimony and concluded that the officer's observations supported probable cause. As noted, the jury did not believe beyond a reasonable doubt that defendant was driving under the influence, even, as explained in the jury instructions, "to the slightest degree." The jury saw video of defendant performing the field dexterity tests and, despite the officer's testimony regarding "clues," could have concluded that defendant's performance did not suggest that she was under the influence of intoxicating liquors. The jury heard the audio associated with the video and, despite the officer's testimony regarding slurred speech, could have concluded that defendant's speech was not particularly slurred. It is well within the realm of reasonable doubt that evidence of her PBT refusal tipped the scales for the jury in its finding that the officer had probable cause to believe she was driving under the influence and reasonably requested the evidentiary test. And such probable cause, or "reasonable grounds," is an essential element of the criminal refusal charge.

22

¶ 43.     Because "there is a reasonable possibility that the evidence complained of might have contributed to the conviction," Oscarson, 2004 VT 4, ¶ 30 (quotations omitted), I would vacate defendant's conviction and remand for a new trial on the refusal charge in which evidence of defendant's refusal to submit to the PBT is excluded.

¶ 44.     I am authorized to state that Justice Skoglund joins this dissent.


_____

Associate Justice